JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants Gloria and Kwana Strong ("the Strongs") appeal from an order denying their motion for relief from a judgment entered in favor of plaintiff-appellee 1373 East Boulevard Condominium Association ("the association") after the Strongs twice failed to appear at scheduled pretrials. The Strongs argue that the court abused its discretion by denying relief from judgment and further erred by failing to hold a hearing on their motion. The association filed this breach of contract action against the Strongs and the owner of the unit, Helen Turner-Thompson, [1] alleging that they failed to pay certain monthly maintenance fees. The Strongs answered the complaint and engaged in discovery. After the completion of discovery, the Strongs failed to appear at a scheduled pretrial conference. The court issued notice that a failure to appear at the next pretrial "will result in default judgment." The Strongs failed to attend the next pretrial as well, causing the court to issue a default judgment to the association.
 {¶ 2} Nearly three months later, the Strongs filed their motion for relief from judgment. They claimed that they had no notice of the missed pretrials because their attorney had suffered a stroke and no one from his office contacted them to tell them to obtain new legal counsel. The court denied the motion without a hearing. *Page 5 
 {¶ 3} In GTE Automatic Elec, Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus states:
 {¶ 4} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 5} These three elements of a motion for relief from judgment must all be established by the movant — the trial court must deny the motion if a party fails to prove any of these three elements. State ex rel.Richard v. Seidner, 76 Ohio St.3d 149, 151, 1996-Ohio-54. The court's decision relating to a motion for relief from judgment under Civ. R. 60(B) is reviewed for an abuse of discretion. Strack v. Pelton,70 Ohio St.3d 172, 174, 1994-Ohio-107; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
 {¶ 6} There is no dispute that the Strongs timely filed their motion. They likewise asserted grounds of inadvertence under Civ. R. 60(B)(1) given their lack of knowledge concerning their attorney's physical debilitation and hence, their lack of notice concerning the scheduled pretrial.
 {¶ 7} We also find that the Strongs have a meritorious defense because the court erred by granting a default judgment. Civ. R. 55(A) permits entry of a default judgment only upon parties who have failed to plead or otherwise defend an action. The Strongs answered *Page 6 
the complaint, so they appeared in the action. Civ. R. 55(A) is therefore inapplicable. Ohio Valley Radiology Assoc, Inc. v. Ohio Valley Hosp.Assn. (1986), 28 Ohio St.3d 118, 121-122; Reese v. Proppe (1981),3 Ohio App.3d 103, 105-106. Rather than granting a default judgment, the court should have proceeded to trial ex parte and required the association to present evidence in support of its claims. Dupal v. Daedlow (1989),61 Ohio App.3d 46; Natl. Check Bureau, Inc. v. Priebe, Cuyahoga App. No. 86350, 2005-Ohio-5564. Its failure to do so was error and established the remaining element of the motion for relief from judgment. Given the court's error in granting a default judgment in the first instance, its refusal to grant relief from that erroneous judgment constituted an abuse of discretion. The assigned error is sustained.
 {¶ 8} This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellants recover of said appellee their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
PATRICIA ANN BLACKMON, P.J., and ANN DYKE, J., CONCUR
[1] The association's complaint alleged that Helen Turner-Thompson owns the subject condominium and the Strongs reside there under a land contract that had been recorded by the Cuyahoga County Recorder's office. Turner-Thompson is not a party to this appeal, as the notice of appeal filed with this court only lists Gloria and Kwana Strong as the appellants. Given her absence from this appeal, we shall reference the defendants as "the Strongs." *Page 1