MAINOR, Appellee,

v.

JONES, Appellant, et al.

[Cite as *Mainor v. Jones,* 190 Ohio App.3d 300, 2010-Ohio-4001.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93539.

Decided Aug. 26, 2010.

Law Office of Jack Malicki, L.L.C., and Jack Malicki, for appellee.

Thomas Jones Jr., pro se.

JAMES J. SWEENEY, Judge.

{¶ 1} Plaintiff-appellee, Velina Mainor, commenced this action in the court of common pleas in October 2005 and advanced various claims under Ohio's Consumer Sales Practices Act ("CSPA") against several defendants, including defendant-appellant, Thomas Jones Jr., d.b.a. Jones Construction Company. Mainor maintained that Jones and others were liable to her for deceptive, unconscionable, and unfair acts and practices related to the performance and nonperformance of certain contracts for home construction work. Jones is appealing pro se from the trial court's orders that (1) entered default judgment on Mainor's claims against him for failing to appear at a hearing, (2) dismissed his counterclaim for failure to prosecute, and (3) denied his motion for relief from judgment. For the reasons that follow, we find that the trial court should have granted Jones's motion for relief from judgment, and we therefore reverse and remand for further proceedings.

{¶ 2} These protracted proceedings included numerous amendments to the complaint, the addition of several defendants, and multiple stays due to bankruptcy petitions. This litigation, which began in 2005, was not finalized in the trial court until August 28, 2009. Although all claims against all parties were disposed of by trial court order and Mainor's notice of voluntary dismissal, only Jones has appealed from the judgment against him, which is in excess of $300,000. The resolution of this appeal accordingly pertains only to the claims and judgment against Jones.

{¶ 3} Jones represented himself pro se, with his first appearance occurring with the filing of a motion to dismiss on December 16, 2005. Upon denial of that motion, Jones filed his answer and counterclaim; again, this was done pro se. On September 25, 2006, an attorney, Goins, filed a motion seeking an extension of time to respond to Mainor's first amended complaint on behalf of Jones and another defendant, Henry Kinney. On March 15, 2007, according to the trial court's entry, Goins failed to appear at a March 13, 2007 case-management conference; however, a subsequent entry indicates that "counsel for all parties" appeared at a December 12, 2007 case-management conference. For the second

time, this matter was removed from the trial court's docket due to a bankruptcy stay and was not reinstated until June 23, 2008.

{¶ 4} On July 1, 2008, Mainor filed her second amended complaint. Soon after, on July 23, 2008, Jones filed a notice of change of address, indicating that he represented himself, albeit along with attorney Goins. Jones asked to be notified of all proceedings. In addition to all counsel of record, Jones served Goins with a copy of this notice concerning his pro se status. Although, on July 31, 2008, Goins filed an answer to the second amended complaint on behalf of Jones, Kinney, and a third defendant, Hartford Insurance Company, he made no further appearances, nor did he file anything on behalf of Jones after that point.

{¶ 5} The trial court's notice concerning the scheduling of another case-management conference for August 28, 2008, was returned for failure of service on Goins. Although it is noted that "address changed and postcard re-mailed in ordinary envelope to new address," the new address noted by the court was not exactly correct.[1] Goins did not appear at the scheduled conference.

{¶ 6} Mainor filed her third amended complaint on December 1, 2008. An entry issued in April 2009 reflects that a conference was held on March 13, 2009, among the trial court, Mainor's counsel, and counsel for Liberty Mutual. The entry further set forth dates and directed the following:

{¶ 7} "The pretrial is continued until 4/22/2009 * * * counsel and parties who are pro se (defendants Duckworth and Fuller) must appear. Failure to appear may result in judgment for the opposing party. [Goins], counsel for Jones, Kinney, and Hartford, was contacted following the telephone conference. He was advised that the dates have been changed, and is hereby ordered to update his mailing address with the clerk of courts."

{¶ 8} An entry dated April 27, 2009, indicated that all parties failed to appear at the April 22, 2009 pretrial except Liberty Mutual. Citing its previous order, the trial court granted judgment in favor of Mainor on her claims against all nonappearing defendants, including Jones. On May 28, 2009, the trial court awarded damages to Mainor on her claims for breach of contract and violations of the CSPA. Jones was found jointly and severally liable with Fuller and Duckworth to Mainor in the amount of $362,242.96, with interest at the statutory rate from the date of judgment, plus costs of the action. Additionally, Jones's counterclaim was dismissed for failure to prosecute. Mainor was awarded further damages against Jones, Fuller, and Duckworth, jointly and severally, in an additional $286,312.06, with statutory interest from date of judgment, plus

---

1. The postcard was mailed to 2963 Morley, and the filings by Goins state the address as 2962 Morley Road.

costs.[2]   Finally, judgment was entered for Mainor in the amount of $15,000 for the contractor's bond issued by Hartford to Jones.

{¶ 9} Jones appealed this ruling and filed a motion for relief from judgment, which the trial court denied and which Jones also challenges in this appeal. Jones represents himself before this court.

{¶ 10} To summarize Jones's position on appeal,[3] he maintains that the trial court erred by entering the above substantial monetary judgments against him as a consequence for failing to appear at a hearing of which he was not personally notified.   Alternatively, and for the same reason, Jones asserts that the trial court erred by denying his motion for relief from judgment.   Having thoroughly reviewed the record and considering the questionable status of Jones's legal representation throughout these proceedings, we find merit to Jones's contention that he should have been granted relief from judgment and provided with an opportunity to defend against the claims against him.   Pivotal to our decision are the facts that Jones specifically requested to be notified of the proceedings upon his declaration of pro se status and that after filing that notice, Goins essentially ceased any active participation in this case.

{¶ 11} We can appreciate the trial court's action, especially in light of the four plus years the matter spent on and off its docket.   Further, Jones's notice of his pro se status is not exactly clear and easily overlooked in the extensive docket. Goins's repeated failures to attend court dates without requesting leave to withdraw in the wake of Jones's notice of pro se status only serves to compound the confusion.

{¶ 12} While Mainor is correct that notice of the hearing was technically proper upon service to Goins under Civ.R. 5(B),[4] the resultant default judgment against Jones under the factual posture of this case is unjust.   To that end, Jones's Civ.R. 60(B) motion fairly articulated that his absence from the April 22, 2009 pretrial, which resulted in these substantial judgments being entered against him, constituted a reason for relief pursuant to Civ.R. 60(B)(5), if not under Civ.R. 60(B)(1) for mistake, inadvertence, surprise, or excusable neglect. See *Maddox v. Ward,* Cuyahoga App. No. 87090, 2006-Ohio-4099, 2006 WL

---

2.   This award was described as "a limitation on defendant Kinney's liability."

3.   See appendix for assignments of error.

4.   Civ.R. 5(B) provides: "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court."   Jones initially represented himself in this litigation and although Goins filed pleadings on Jones's behalf, his appearance for Jones throughout the proceedings was at best sporadic.

2300206; see also *Bozo v. Clair* (Mar. 29, 1979), Cuyahoga App. No. 38615, 1979 WL 210065.

{¶ 13} Civ.R. 60(B) provides:

{¶ 14} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

{¶ 15} To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that (1) the moving party has a meritorious defense or claim to present if relief is granted, (2) the moving party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion for relief is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus; *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 665 N.E.2d 1102.

{¶ 16} Jones satisfied the first requirement of a meritorious defense by filing an answer that contained affirmative defenses or facts sufficient to support the claim of a valid defense. *Newark Orthopedics, Inc. v. Brock* (1994), 92 Ohio App.3d 117, 122, 634 N.E.2d 278; *Bozo*, 1979 WL 210065. It is not necessary for Jones to have proved he would ultimately prevail on the defense. Id.

{¶ 17} "[O]nce a party has answered or appeared a default judgment is improper. See *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hospital Assoc.* (1986), 28 Ohio St.3d 118[, 28 OBR 216], 502 N.E.2d 599. * * * [D]ismissals for procedural irregularities are not highly favored and dismissal for nonappearance at a pre-trial conference should be used sparingly and only in extreme situations. *Willis v. RCA Corp.* (1983), 12 Ohio App.3d 1[, 12 OBR 57], 465 N.E.2d 924." *Untch v. N. Valley Contrs.*, Stark App. No. 2008–CA–00237, 2009-Ohio-3271, 2009 WL 1911950.

{¶ 18} Jones's motion for relief from judgment satisfied the second element pursuant to Civ.R. 60(B)(5), if not Civ.R. 60(B)(1), as explained previously. Finally, Jones's motion for relief from judgment was timely.

{¶ 19} For all the foregoing reasons, we sustain Jones's appeal to the extent that we find that the trial court should have granted his motion for relief from judgment; any remaining assignments of error are overruled as moot. The judgments are vacated as to Jones only, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

ROCCO, P.J., and BLACKMON, J., concur.

Appendix

{¶ 20} "I.  The trial court erred and executed behavior indicating a departure of fair and impartial treatment of the parties and/or was otherwise an abuse of discretion.

{¶ 21} "II.  The trial court erred in finding against the defendant/appellant Jones' motion for relief from judgment.

{¶ 22} "III.  The trial court erred dismissing defendant/appellant's claims with prejudice.

{¶ 23} "IV.  The trial court erred in denying defendant/appellant's motions for relief from judgment without an opportunity for a hearing."