UBS REAL ESTATE SECURITIES, INC., Appellee,

v.

TEAGUE et al., Appellants.

[Cite as *UBS Real Estate Securities, Inc. v. Teague*,
191 Ohio App.3d 189, 2010-Ohio-5634.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 2010 CA 5.

Decided Nov. 19, 2010.

190

Scott A. King and Terry W. Posey Jr., for appellee.

Timothy H. Snyder, for appellants.

_____

FROELICH, Judge.

{¶ 1} Raymond and Lacosta Teague appeal from a judgment of the Darke County Court of Common Pleas, which denied their Civ.R. 60(B) motion for relief from a judgment of foreclosure. For the following reasons, the trial court's judgment is reversed, and the matter is remanded for further proceedings.

I

{¶ 2} In May 2005, the Teagues borrowed $131,000 from Wells Fargo Bank, N.A., and secured payment of the note with a mortgage on the real property located at 3453 Brock Cosmos Road in Rossburg, Ohio. In 2007, the Teagues filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code; the parties agree that as of result of the bankruptcy case, the Teagues are

immune from personal liability on the note.   See *In re Teague* (Bankr.S.D.Ohio), No. 3:07–bk–32226.

{¶ 3} On October 7, 2009, UBS Real Estate Securities, Inc., filed a complaint in foreclosure against the Teagues.   UBS alleged that it was the holder of the note and mortgage, that the Teagues had defaulted on their mortgage loan as of May 1, 2009, and that $125,769.21 remained due and owing with interest at the rate of 7.375 percent.   On October 16, 2009, Wells Fargo executed an assignment of mortgage, assigning the Teagues' note and mortgage to UBS.   The Teagues filed an answer to UBS's complaint, which consisted of a general denial and nine affirmative defenses.

{¶ 4} On January 5, 2010, UBS moved for summary judgment on its claim.   It supported its motion with an affidavit from Herman John Kennerty, Vice President of Loan Documentation for Wells Fargo, acting as servicing agent for UBS.   Kennerty authenticated copies of the note and the mortgage, the assignment of mortgage, and a printout of the payment history for the Teagues' loan. (The loan history appears to reflect the payment history from May 17, 2005, to December 31, 2007.)   Kennerty stated that the account is due for the June 1, 2009 payment and all subsequent payments, that UBS has elected to accelerate the entire balance due, and that there was a principal balance of $125,769.21, with interest from May 1, 2009, at 7.375 percent plus advances for taxes, insurance, and other necessary expenses.   Xee Moua, another Vice President of Loan Documentation for Wells Fargo, also submitted an affidavit attesting to the balance due and indicating that neither of the Teagues is in the military service, as defined by the Servicemembers' Civil Relief Act of 2003.

{¶ 5} The Teagues did not respond to UBS's motion for summary judgment.

{¶ 6} On February 3, 2010, the trial court granted UBS's summary-judgment motion.   The court found that the Teagues were in default of the loan in the amount of $125,769.21 plus interest, but were immune from personal liability on the note.   The court found that the note was secured by a mortgage and that UBS was entitled to have the equity of redemption foreclosed.   The court ordered that the property be sold at a sheriff's sale and the proceeds distributed.

{¶ 7} On February 22, 2010, the Teagues filed a "Motion for Relief from and Motion to Vacate Summary Judgment," seeking relief from the summary judgment pursuant to Civ.R. 60(B) and asking the court to "determine the merits of the Motion for Summary Judgment on all briefs and oppositions."   The Teagues stated that they had been in regular contact with the lender regarding a "workout agreement," but their counsel had not received a copy of the motion for summary judgment and no hearing date or deadline (presumably, for responsive pleadings) was set by the court.   The Teagues stated that they became aware of the summary-judgment motion when their counsel received a copy of the court's

entry granting the motion. They claimed that the facts satisfy Civ.R. 60(B)(1) and (5) and that their answer established that they have meritorious defenses to all or part of UBS's claims.

{¶ 8} The Teagues further argued that UBS should not have been granted summary judgment. They claimed that UBS's evidence in support of its motion did not establish "the status of mortgage payments, cost, fees and other charges from, at the very least, alleged default to the present." They also asserted that UBS failed to establish that it had sent a notice of default/acceleration, as required by section 22 of the mortgage, prior to commencing the foreclosure action. The Teagues attached a printout of the page of the mortgage containing section 22.

{¶ 9} UBS opposed the Civ.R. 60(B) motion, asserting that the Teagues had failed to establish a meritorious defense to the action, that the Teagues' counsel had been served with the motion for summary judgment and was provided with a copy of the proposed entry granting summary judgment, and that the Teagues' loss-mitigation attempts did not preclude UBS from enforcing its contractual rights. UBS argued that the affidavits attached to its motion for summary judgment were sufficient to establish that the Teagues had defaulted on their note and mortgage. UBS also attached two notices of default—dated July 5, 2009, and August 9, 2009—demonstrating that it had sent the Teagues the notices required under section 22 of the mortgage.

{¶ 10} The trial court denied the Teagues' Civ.R. 60(B) motion without a hearing. Initially, the court noted that it "perceive[d] the underlying problem" to be defense counsel's "lack of familiarity" with the local rule requiring a written response to a motion to be filed within ten days. The court commented that defense counsel should not have assumed that a specific hearing date would be set. The court further ruled:

{¶ 11} "At this time, to reverse the Plaintiff's judgment, the Court must be convinced that there is a meritorious defense or [a] failure of notice of the pending motion. Neither a defense nor procedural defect occurred—as Plaintiff's counsel has noted. While the Defendants' past attempts at loss mitigation are admirable, and should be continued, such attempts are always at the pleasure of the lender. The Court finds that the Plaintiff is entitled to continue with its foreclosure."

{¶ 12} The Teagues appeal from the trial court's denial of their motion for relief from judgment, raising two assignments of error. We will address them in reverse order.

## II

{¶ 13} The Teagues' second assignment of error states:

{¶ 14} "The trial court erred to the prejudice of the appellants by granting summary judgment in favor of appellee bank."

{¶ 15} In this assignment of error, the Teagues claim that the trial court erred in granting UBS's motion for summary judgment. They argue (as they did in their motion for relief from and to vacate summary judgment) that UBS's affidavits and evidence of their payment history were inadequate to establish that the Teagues' mortgage was in default. The Teagues also claim that summary judgment was improper because UBS failed to demonstrate that it had satisfied the mortgage's notice-of-default/acceleration requirement.

{¶ 16} The Teagues did not appeal the trial court's judgment and decree of foreclosure. Instead, they sought relief from that judgment pursuant to Civ.R. 60(B). The two remedies are not the same, and a party cannot use Civ.R. 60(B) relief as a substitute for a timely appeal. *State ex rel. Martin v. Ohio Adult Parole Auth.*, 124 Ohio St.3d 63, 2009-Ohio-6164, 918 N.E.2d 1005, ¶ 1; *Cincinnati Ins. Co. v. Schaub*, Montgomery App. No. 22419, 2008-Ohio-4729, 2008 WL 4278239, ¶ 16. Any alleged error by the trial court in granting summary judgment to UBS and foreclosing upon the mortgage could have been raised in a direct appeal of the court's judgment. The Teagues cannot raise that issue in an appeal from the denial of their Civ.R. 60(B) motion.

{¶ 17} The second assignment of error is overruled.

## III

{¶ 18} The Teagues' first assignment of error states:

{¶ 19} "The trial court erred to the prejudice of appellants by denying appellants' motion for relief from and motion to vacate summary judgment."

{¶ 20} "Civ.R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done." *Chapman v. Chapman*, Montgomery App. No. 21244, 2006-Ohio-2328, 2006 WL 1284592, ¶ 13. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any

one of the requirements is not met. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914; *Schaub,* 2008-Ohio-4729, 2008 WL 4278239, at ¶ 15.

{¶ 21} We review the trial court's determination of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. A trial court abuses its discretion when its decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 22} Beginning with timeliness, the Teagues filed their Civ.R. 60(B) motion on February 22, 2010, 19 days after the court entered summary judgment and a decree of foreclosure in favor of UBS. It is undisputed that the Teagues' motion was timely.

{¶ 23} Second, the Teagues were required to demonstrate a meritorious defense under Civ.R. 60(B). "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case.'" *Wayne Mut. Ins. Co. v. Marlow* (June 5, 1998), Montgomery App. No. 16882, 1998 WL 288912, *2, quoting Black's Law Dictionary (Abridged 6th Ed. Rev.1991) 290. "Relief from a final judgment should not be granted unless the party seeking such relief makes at least a *prima facie* showing that the ends of justice will be better served by setting the judgment aside." Id. at *3. A party seeking relief from judgment is not required to prove that he or she will prevail on the meritorious defense; the movant is merely required to allege the existence of such a defense. *State v. Yount,* 175 Ohio App.3d 733, 2008-Ohio-1155, 889 N.E.2d 162, ¶ 10.

{¶ 24} In their Civ.R. 60(B) motion, the Teagues relied on their answer to establish a meritorious defense. Although general denials in an answer are insufficient to state a meritorious defense for purposes of Civ.R. 60(B), the meritorious-defense requirement is met by filing an answer that contains affirmative defenses or facts sufficient to support the claim of a valid defense. *Newark Orthopedics, Inc. v. Brock* (1994), 92 Ohio App.3d 117, 122, 634 N.E.2d 278; *Mainor v. Jones,* 190 Ohio App.3d 300, 2010-Ohio-4001, 941 N.E.2d 1207, ¶ 16; *Fowler v. Hills & Dales Owners Assn.* (Feb. 16, 1999), Stark App. No. 1998–CA–220, 1999 WL 174853. See also *Tom Sweeney, Inc. v. Porter* (Apr. 30, 1999), Hamilton App. No. C–980337, 1999 WL 252488. As stated by the Tenth District, "the adequately pleaded assertion of one or more affirmative defenses will raise genuine issues of material fact in relation to the averments in the complaint and, therefore, be meritorious." *Amzee Corp. v. Comerica Bank–Midwest,* Franklin App. No. 01AP–465, 2002-Ohio-3084, 2002 WL 1012998, ¶ 20.

{¶ 25} The Teagues' answer designated nine affirmative defenses, including that UBS "is not entitled to judgment for failure to satisfy all conditions

precedent."[1] The Teagues have asserted that UBS's action against them was improper, because the company failed to send a notice of default/acceleration prior to instituting the lawsuit, as required by the mortgage. These allegations, if proven, would constitute a defense to UBS's judgment.

{¶ 26} In responding to the Teagues' Civ.R. 60(B) motion, UBS argued that it had properly sent notices of default/acceleration to the Teagues, and it attached copies of two notices to its opposition memorandum. We emphasize that the Teagues were not required to prove that they would prevail on the proffered meritorious defense; rather, they were merely required to *allege* a defense which, if proven, would constitute a partial or complete defense to the claim alleged."[2] (Emphasis added.) *Fowler*, 1999 WL 174853, *2. The Teagues met their burden on this part of *GTE*'s tripartite requirement. See *GTE Automatic Elec.*, 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. UBS's evidence is more properly submitted as part of a renewed motion for summary judgment upon remand.

{¶ 27} Finally, the Teagues were required to establish that they were entitled to relief under one of the grounds stated in Civ.R. 60(B). Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect," (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment has been satisfied, released or discharged, or (5) any other reason justifying relief from the judgment. The Teagues sought relief under Civ.R. 60(B)(1) and (5).

{¶ 28} The phrase "excusable neglect" in Civ.R. 60(B)(1) "is an elusive concept which has been difficult to define and to apply." *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. The Supreme Court of Ohio has defined it "in the negative and ha[s] stated that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" Id. A determination of whether neglect is excusable necessarily must involve consideration of all the surrounding facts and circumstances. *Griffey*, 33

---

1. The Teagues' other affirmative defenses were that (1) UBS failed to state a claim upon which relief may be granted, (2) UBS had no standing and/or was not the real party in interest, (3) the complaint was barred by waiver, release, and/or estoppels, (4) the complaint was barred by UBS's failure to mitigate damages, (5) the complaint was barred because UBS failed to join necessary parties, (6) UBS had breached the agreement with the Teagues, (7) the complaint was barred by a failure and/or want of consideration or was otherwise unenforceable, unconscionable, or invalid, and (8) the Teagues had made payments, contrary to UBS's allegations.

2. This is opposed to the necessity, discussed infra, that a movant demonstrate that a ground for relief exists under Civ.R. 60(B).

Ohio St.3d at 79, 514 N.E.2d 1122, quoting *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249, 18 O.O.3d 442, 416 N.E.2d 605.

{¶ 29} Civ.R. 60(B)(5) is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but * * * is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus. See also *State v. Minne,* Montgomery App. No. 23390, 2010-Ohio-2269, 2010 WL 2018107, ¶ 21. This avenue of relief is also "only to be used in an extraordinary and unusual case when the interests of justice warrants it." *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 316 N.E.2d 469.

{¶ 30} The Teagues asserted that they failed to respond to UBS's motion for summary judgment because their counsel never received a copy of UBS's summary-judgment motion. Addressing the trial court's statement regarding counsel's presumed "lack of familiarity" with the ten-day response deadline, counsel states: "Appellants could not respond within any period as neither they nor their counsel received a copy of the Motion for Summary Judgment."

{¶ 31} The failure to respond to a motion for summary judgment due to lack of notice may satisfy the excusable-neglect standard, depending on the facts and circumstances. For example, in *Am. Express Travel Related Servs., Inc. v. Carleton,* Franklin App. No. 02AP–1400, 2003-Ohio-5950, 2003 WL 22511623, ¶ 15, the Tenth District concluded that the trial court did not abuse its discretion in finding that the defendant established excusable neglect based on a letter that the defendant had sent to the court stating that she had not received the motion for summary judgment.

{¶ 32} In contrast, the Eighth District found that the plaintiffs' claim that they did not receive a copy of defendants' motion for summary judgment did not constitute excusable neglect. *Garrett v. Gortz,* Cuyahoga App. No. 90625, 2008-Ohio-4369, 2008 WL 3975530. The court reasoned that "in light of the fact that the case had been ongoing for some time and that counsel admitted that he had problems receiving mail at his address, it was incumbent on him to check the docket to keep informed of the progress of the case." Id. at ¶ 16. The court ruled: "The failure to ensure proper mail delivery and keep informed of the progress of an ongoing case does not qualify as excusable neglect."[3] Id. See also *Morgan v. Sheffield Ents., Ltd.,* Lorain App. No. 03CA8302, 2004-Ohio-960, 2004 WL 384172, ¶ 10–11 (finding no excusable neglect when a party who knew of

---

3. In so holding, the court noted that the circumstances were distinguishable from instances when the parties failed to receive notice of a complaint. Id. at ¶ 16, fn. 2.

the summary-judgment motion, but did not receive a copy of the motion, failed to request an extension to respond).

{¶ 33} In this case, the trial court found that no "procedural defect" occurred. In so finding, the trial court apparently accepted UBS's argument that the Teagues' counsel was properly served with the motion for summary judgment. This conclusion was supported by the certificate of service on the motion for summary judgment, which indicated that defense counsel was served on December 31, 2009, at the address listed on his own filings. (As stated above, in opposing the Civ.R. 60(B) motion, UBS also informed the court that they had faxed a copy of the proposed entry to the Teagues' counsel the day after its summary-judgment motion was filed.) Although no hearing was held, the trial court took the view that defense counsel likely failed to respond to the motion based on a "lack of familiarity" with the local procedural rules, not due to lack of awareness of the pending motion.

{¶ 34} With respect to the grounds for relief, the movant must present sufficient operative facts from which the court may make a finding on whether the neglect was excusable. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 21, 520 N.E.2d 564. " 'If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.' "[4] *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 5 OBR 73, 448 N.E.2d 809, quoting *Adomeit*, 39 Ohio App.2d at 105, 68 O.O.2d 251, 316 N.E.2d 469. *Adomeit* stated that the "rigid procedural requirements of Civil Rule 56 regarding the documents and other material the parties should submit in support of and in opposition to a motion for summary judgment are excellent guides and a commendable procedure to be followed in seeking relief or in opposing relief under Civil Rule 60(B)." *Adomeit* at 104, 68 O.O.2d 251, 316 N.E.2d 469. However, these "guides" are not mandated, especially since the movant "*may* also file * * * any other relevant material, but the material submitted must contain operative facts." (Emphasis added.) Id. at 102. See *Coulson* at 16, 5 OBR 73, 448 N.E.2d 809.

{¶ 35} If the movant fails to allege operative facts, the trial court may deny the motion without a hearing. Conversely, if grounds for relief under Civ.R. 60(B) are apparent on the face of the record, the trial court may grant Civ.R. 60(B) relief, as a matter of law, without a hearing. *Kay*, 76 Ohio St.3d at 20, 665 N.E.2d 1102.

---

4. In contrast, the trial court need not make any findings about the viability of a proffered meritorious defense, as discussed above.

{¶ 36} The Teagues' Civ.R. 60(B) motion alleged operative facts that could constitute excusable neglect under Civ.R. 60(B)(1), namely, that they did not respond to the summary judgment because their counsel never received a copy of the motion. The trial court had no evidence from which to find that the Teagues' counsel actually received UBS's motion for summary judgment and that he failed to file a responsive memorandum solely due to his unfamiliarity with the court's local rules. And, although UBS asserted that counsel should have had notice of the motion through the faxed proposed entry, UBS did not submit an affidavit attesting to the fact that it had faxed such a document and that the document was received by the Teagues' counsel's fax machine. In short, there was no evidence to support what, in essence, was a summary judgment on the Teagues' Civ.R. 60(B) motion. Under the circumstances, the trial court should have conducted a hearing on whether the Teagues had established a ground for relief under Civ.R. 60(B).

{¶ 37} In summary, timeliness was not an issue. For the meritorious-defense requirement, with the record before us, the Teagues' allegation of such a defense (as articulated in the affirmative-defense portion of their answer) was sufficient. And for the Civ.R. 60(B) grounds-for-relief requirement, again with the record before us, the Teagues were entitled to a hearing.

{¶ 38} The Teagues' first assignment of error is sustained.

## IV

{¶ 39} The trial court's judgment is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

GRADY and WAITE, JJ., concur.

WAITE, J., of the Seventh District Court of Appeals, sitting by assignment.