[Cite as *Grimm v. Gumto*, 2011-Ohio-2664.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95706

---

## TOD GRIMM

### PLAINTIFF-APPELLEE

vs.

## DANIELLE GUMTO

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Parma Municipal Court
Case No. 09 CVG 04302

**BEFORE:** Keough, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 2, 2011

**ATTORNEY FOR APPELLANT**

Brian J. Williams
Brian J. Williams Co., L.P.A.
141 Broad Blvd., Suite 206
Cuyahoga Falls, OH 44221

**ATTORNEY FOR APPELLEE**

Jamie-Lyn Poh
1649 Laughton Circle
Broadview Heights, OH 44147


KATHLEEN ANN KEOUGH, J.:

**{¶ 1}** Defendant-appellant, Danielle Gumto, appeals from the municipal court's decision granting default judgment against her and ordering her to pay $14,636.66 to plaintiff-appellee, Tod Grimm. For the reasons that follow, we reverse and remand.

I

**{¶ 2}** On October 15, 2009, Grimm filed a complaint in the Parma Municipal Court for forcible entry and detainer against Gumto, his tenant of approximately three years, and for back rent and damages in the amount of $15,000. The court subsequently granted a writ of restitution and ordered that Gumto vacate the premises.

**{¶ 3}** On December 30, 2009, Gumto timely answered the complaint for damages and asserted various affirmative defenses. The court set a pretrial

conference for February 17, 2010; the record reflects that notice of the pretrial was sent to Brian Williams, counsel for Gumto, and Grimm. Williams subsequently requested a continuance, which the trial court granted. The pretrial was reset two times (to March 10, 2010 and then April 28, 2010); each time notices were sent to Williams and Grimm. The court subsequently denied Williams's request to continue the April 28, 2010 pretrial conference, but neither Williams nor Gumto appeared for the pretrial.

{¶ 4} The court then set the matter for a show cause hearing on June 2, 2010, and ordered Williams to appear and show cause why he should not be held in contempt for failing to appear on April 28, 2010. The court also set another pretrial conference for June 2, 2010. Notices regarding the pretrial were sent to both Williams and Grimm. The notice advised the parties that the pretrial would go forward unless the court was advised that the case had been settled and would be dismissed. The notice further stated: "The Court further advises that the parties and their respective counsel are required to appear at the pretrial conference. Failure of the defendant to appear could result in a default judgment for the plaintiff; failure of plaintiff to appear could result in an entry of dismissal of plaintiff's complaint for want of prosecution."

{¶ 5} The trial court subsequently granted Williams's motion to continue the show cause hearing and pretrial conference and rescheduled both

for June 16, 2010. Notices of both events were again sent to Williams and Grimm. The notice of the rescheduled pretrial conference contained the same advisement as set forth above regarding the consequences of a party's failure to appear.

{¶ 6} On June 16, 2010, Williams appeared for the pretrial conference and show cause hearing, but Gumto did not attend. The trial court granted default judgment in favor of Grimm and scheduled an evidentiary hearing regarding damages for July 27, 2010.[1] Notices regarding the evidentiary hearing were sent to Williams and Grimm.

{¶ 7} On July 27, 2010, Gumto appeared for the evidentiary hearing, but Williams did not. Grimm gave the trial judge a copy of a letter dated August 24, 2009, addressed to him and Gumto, in which the city of Parma advised them that it had determined after inspection that the house Gumto had been renting from Grimm was unsafe and unfit for human habitation, and could not be occupied until the code violations had been corrrected. Gumto admitted in open court but not under oath that she had allowed the property to become so rundown while she was living there that it had been condemned.

{¶ 8} Grimm also gave the judge copies of receipts regarding repairs he had made to the home, as well as a two-page itemization of the expenses that showed total repair expenses of $14,636.66. In addition, he gave the judge

copies of itemized descriptions by the handyman who made the repairs to the home that identified the repairs made, the time it took to make the repairs, and the cost of each repair.

{¶ 9} Grimm then gave sworn testimony that the receipts were a fair and accurate representation of the costs to repair the damages to the home. Adam Kuklisin, who performed the repairs, likewise gave sworn testimony that the itemized expenses were a fair and accurate representation of the work he had performed at the home. The judge granted judgment in favor of Grimm and against Gumto in the amount of $14,636.66. The court subsequently denied Gumto's Civ.R. 60(B) motion for relief from judgment without a hearing.

II

{¶ 10} In her first assignment of error, Gumto contends that the trial court erred in granting default judgment to Grimm. In her second assignment of error, she asserts that the trial court erred in denying her Civ.R. 60(B) motion to vacate the default judgment. We find merit to both arguments.

{¶ 11} Paragraph two of the syllabus in *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, states:

{¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant

---

[1]After a hearing, the court dismissed the contempt citation against Williams.

must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken."

{¶ 13} If any of these requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. A court's decision regarding a motion for relief from judgment under Civ.R. 60(B) is reviewed for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914. Gumto's motion met the three *GTE* requirements and, therefore, the trial court erred in denying her motion.

{¶ 14} There is no dispute that Gumto's motion was timely. Further, she satisfied the requirement of demonstrating a meritorious defense by filing an answer and asserting affirmative defenses. *Mainor v. Jones*, 190 Ohio App.3d 300, 2010-Ohio-4001, 941 N.E.2d 1207, ¶16, citing *Newark Orthopedics, Inc. v. Brock* (1994), 92 Ohio App.3d 117, 122, 634 N.E.2d 278 and *Bozo v. Clair* (Mar. 29, 1979), 8th Dist. No. 38615. "It is not necessary for [Gumto] to have proved [she] would ultimately prevail on the defense." *Mainor*, supra. See, also, *Maxim Fin., Inc. v. Dzina* (Dec. 2, 1993), 8th Dist.

No. 65206 (movant's burden is to allege a meritorious defense; movant not required to demonstrate he will prevail.)

{¶ 15} She also established the remaining *GTE* requirement; specifically, that she was entitled to relief from judgment under Civ.R. 60(B)(5). As this court stated in *1373 East Blvd. Condo Assoc. v. Turner-Thompson*, 8th Dist. No. 90339, 2008-Ohio-3973, ¶7, where the trial court granted default judgment against the defendants for their failure to attend a pretrial:

{¶ 16} "Civ.R. 55(A) permits entry of a default judgment only upon parties who have failed to plead or otherwise defend an action. [Defendants] answered the complaint, so they appeared in the action. Civ.R. 55(A) is therefore inapplicable. Rather than granting a default judgment, the court should have proceeded to trial ex parte and required the [plaintiff] to present evidence in support of its claims. Its failure to do so was error and established the remaining element of the motion for relief from judgment. Given the court's error in granting a default judgment in the first instance, its refusal to grant relief from that erroneous judgment constituted an abuse of discretion." (Internal citations omitted.)

{¶ 17} Likewise, in this case, because Gumto answered the complaint and asserted affirmative defenses, any default judgment entered for failure to appear at a pretrial conference was improper. Although we recognize the trial court's frustration with Gumto and her counsel, the case should have

been set for trial and Grimm should have been required to prove his claims. Because the trial court erred in not doing so, its subsequent denial of Gumto's motion for relief from its erroneous judgment was an abuse of discretion. See *Mainor*, supra (trial court should have granted motion for relief from default judgment because once a party has answered or appeared, a default judgment is improper.)

{¶ 18} Appellant's first and second assignments of error are sustained; the judgment is vacated and the matter is remanded for further proceedings. The third assignment of error, regarding whether Grimm adequately proved his damages at the evidentiary hearing, is therefore moot and we need not consider it. See App.R. 12(A)(1)(c).

Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR