[Cite as *Sunshine Ltd. v. C.A.S.T.L.E., Inc*, 2018-Ohio-2298.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106245**

---

**SUNSHINE LIMITED PARTNERSHIP**

PLAINTIFF-APPELLEE

vs.

**C.A.S.T.L.E. HIGH SCHOOL, INC.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-849042

**BEFORE:** Keough, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

**ATTORNEYS FOR APPELLANT**

Walter T. Madison
209 South Main Street, Suite 201
Akron, Ohio 44308

Diana Marie Feitl
Lucas K. Palmer
Roetzel & Andress, L.P.A.
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Thomas L. Colaluca
1400 West Sixth Street, Suite 300
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, C.A.S.T.L.E. High School, Inc. ("CASTLE") appeals from the trial court's judgment that granted default judgment in favor of plaintiff-appellee, Sunshine Limited Partnership ("Sunshine"), and entered judgment against CASTLE in the amount of $379,993.73 in damages and $103,821.95 in attorney fees. For the reasons that follow, we reverse and remand.

## I. Background

{¶2} CASTLE is an Ohio nonprofit corporation operating a charter school within the Cleveland Municipal School District. In 2004, CASTLE entered into an agreement with Sunshine to lease property owned by Sunshine to house its school. In 2010, the agreement was extended through October 2014. In August 2014, CASTLE advised Sunshine that it would not be renewing the lease.

{¶3} In July 2015, Sunshine filed suit against CASTLE and various individual defendants for breach of contract, promissory estoppel, and fraud. CASTLE answered the complaint and asserted various affirmative defenses and a counterclaim for declaratory judgment that the lease was void and for fraud. The trial court subsequently granted the motions to dismiss of the individual defendants, leaving CASTLE as the sole defendant.

{¶4} At a case management conference, the trial court set various dates, including deadlines for discovery and dispositive motions, as well as for a final pretrial to be held on June 20, 2016.

{¶5} In early February 2016, Sunshine filed a motion to compel discovery from CASTLE, asserting that it had served its first discovery requests on CASTLE in December 2015, but CASTLE had not yet responded. The trial court granted the motion and ordered CASTLE to

produce the requested discovery within 14 days of the date of its order. CASTLE did not produce the requested discovery, however, and in March 2016, Sunshine filed a motion to dismiss CASTLE's counterclaim and for sanctions as a result of CASTLE's failure to comply with the court's order. In its response, CASTLE asserted that it had not yet responded because the requests were "voluminous" and it was trying to locate the documents. The court met with the attorneys in March 2016, to resolve the discovery dispute and apparently granted CASTLE more time to comply with Sunshine's discovery requests. It denied Sunshine's motion to dismiss and for sanctions.

{¶6} In April 2016, both Sunshine and CASTLE filed motions for summary judgment. Sunshine also filed a renewed motion to dismiss CASTLE's counterclaim and for sanctions, asserting that although CASTLE had responded to its discovery requests, the responses were inadequate. The trial court did not rule on either the motions for summary judgment or Sunshine's motion to dismiss.

{¶7} Instead, it held a settlement conference on June 20, 2016. Counsel for CASTLE appeared for the conference but without a client who had authority to settle the case. As a result, the trial court set a settlement conference for June 27, 2016, ordering that "all parties with ultimate binding settlement authority must be present in person." When counsel for CASTLE was an hour late for the conference, the trial court entered default judgment in favor of Sunshine. The court's journal entry states:

> Settlement conference held 6/27/16 at 10:30 a.m. Counsel for the plaintiff was present. Counsel for the defendant failed to appear. The court waited for defendant's counsel to appear for one hour before granting default. This settlement conference was set because defendant did not come to a previously scheduled settlement conference with proper authority to settle this matter, as required by court order. Counsel for defendant was informed that any further failures to abide by the court orders would result in default. Accordingly, defendant's counsel's failure to appear on time hereby results in default being

granted for the plaintiff. A default hearing on damages only is hereby set for 08/04/16 at 10:00 a.m. Parties should be prepared to present evidence of the damages in this matter at that time, and/or have authority, in person, to resolve this matter. This matter will come to a complete resolution at the end of this hearing, either by settlement or by default. Failure to appear on time will result in default and/or dismissal of this matter.

{¶8} CASTLE subsequently filed a motion for relief from judgment pursuant to Civ.R. 60(B), which the trial court denied, finding that CASTLE was not entitled to relief from judgment under either Civ.R. 60(B)(1) or (B)(5). It also set a damages hearing for August 4, 2016. The day before the damages hearing, CASTLE filed a notice of appeal challenging the default judgment. This court subsequently granted Sunshine's motion to dismiss CASTLE's appeal for lack of a final, appealable order. *Sunshine Ltd. Partnership v. C.A.S.T.L.E. High School, Inc.*, 8th Dist. Cuyahoga No. 104805 (Aug. 31, 2016).

{¶9} On August 9, 2016, after a damages hearing, the trial court entered judgment for Sunshine against CASTLE in the amount of $333,492.56. CASTLE appealed, but this court again dismissed, finding that the trial court's August 9, 2016 order purporting to be a final judgment was void because the trial court conducted the damages hearing while CASTLE's first appeal was pending, which divested the trial court of jurisdiction to hold the hearing. *Sunshine Ltd. Partnership v. C.A.S.T.L.E. High School, Inc.,* 8th Dist. Cuyahoga No. 104912, 2017-Ohio-1557.

{¶10} The trial court subsequently held another damages hearing on June 8, 2017. On June 15, 2017, it entered judgment in favor of Sunshine against CASTLE in the amount of $379,993.73 and awarded attorney fees of $103,821.95. CASTLE now appeals from this judgment.

## II. Analysis

**{¶11}** In its first assignment of error, CASTLE contends that the trial court erred in granting default judgment to Sunshine. In its second assignment of error, it contends that the trial court erred in denying its Civ.R. 60(B) motion to vacate the default judgment. We find merit to both arguments.

**{¶12}** To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment was entered or taken. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The trial court must deny the motion if the movant fails to prove any of these three requirements. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶13}** We review a court's decision regarding a motion for relief from judgment under Civ.R. 60(B) for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). An abuse of discretion occurs when the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 3 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In this case, because CASTLE's motion met the three *GTE* requirements, the trial court abused its discretion in denying its motion for relief from judgment.

**{¶14}** There is no dispute that CASTLE's motion was timely; it was filed 14 days after the trial court entered its default judgment. Further, CASTLE satisfied the requirement of demonstrating a meritorious defense by filing an answer and asserting affirmative defenses. *Grimm v. Gumto*, 8th Dist. Cuyahoga No. 95706, 2011-Ohio-2664, ¶ 14, citing *Mainor v. Jones*, 190 Ohio App.3d 300, 2010-Ohio-4001, 941 N.E.2d 1207, ¶ 16 (8th Dist.), citing *Newark*

*Orthopedics, Inc. v. Brock*, 92 Ohio App.3d 117, 122, 634 N.E.2d 278 (10th Dist.1994), and *Bozo v. Clair*, 8th Dist. Cuyahoga No. 38615, 1979 Ohio App. LEXIS 10265 (Mar. 29, 1979). It is not necessary for CASTLE to have proved it would ultimately prevail on the defense. *Grimm* at *id.*, citing *Mainor*. *See also Maxim Fin., Inc. v. Dzina*, 8th Dist. Cuyahoga No. 65206, 1993 Ohio App.LEXIS 5748 (Dec. 2, 1993) (movant's burden is to allege a meritorious defense; movant is not required to demonstrate he will prevail).

{¶15} CASTLE also demonstrated the remaining *GTE* requirement; specifically, that it was entitled to relief under Civ.R. 60(B)(5), which provides that the trial court may grant relief for any reason justifying relief from the judgment. Civ.R. 55(A) authorizes a clerk to enter a default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Therefore, as this court has made clear, it is reversible error to enter a default judgment against a defendant once an answer has been filed and the case has been placed at issue. *Grimm* at ¶ 16 ("Civ.R. 55(A) permits entry of a default judgment only upon parties who have failed to plead or otherwise defend an action."); *1373 E. Blvd. Condo Assoc. v. Turner*, 8th Dist. Cuyahoga No. 90339, 2008-Ohio-3973; *Reese v. Proppe*, 3 Ohio App.3d 103, 443 N.E.2d 992 (8th Dist.1981). *See also Disciplinary Counsel v. Jackson*, 81 Ohio St.3d 308, 691 N.E.2d 262 (1997) ("W]hen a case is at issue because a defendant has filed an answer, there can be no default judgment.")

{¶16} CASTLE answered the complaint, so it appeared in the action, and Civ.R. 55(A) is inapplicable. Rather than granting a default judgment, the court should have proceeded to trial ex parte and required Sunshine to present prima facie evidence of CASTLE's liability. *1373 E. Blvd. Condo Assn.* at ¶ 7; *Dupal v. Daedlow*, 61 Ohio App.3d 46, 572 N.E.2d 147 (8th

Dist.1989). The court's failure to do so was error and established the remaining element of the motion for relief from judgment.

{¶17} Sunshine argues that the default judgment was proper, however, because Civ.R. 41(B)(1) allows for dismissal for failure to prosecute. But Civ.R. 41(B)(1) applies only to the court's punitive dismissal of a *plaintiff's* case. It states, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or its own motion may, after notice to plaintiff's counsel, dismiss an action or claim." The rule does not authorize similar punitive judgments against a defendant.

{¶18} Sunshine argues further that the trial court properly entered default judgment under Civ.R. 37 because CASTLE did not comply with its discovery requests. Civ.R. 37(B)(2) provides that if a party fails to obey an order to provide or permit discovery, "the court may make such orders in regard to the failure as are just," including striking the whole or parts of the pleadings, staying further proceedings until the order is obeyed, or dismissing the action or rendering a default judgment against the disobedient party. But, as this court found in our earlier decision dismissing CASTLE's appeal because the trial court's judgment was void for lack of jurisdiction:

> [Sunshine] claims the default judgment was predicated on CASTLE's failure to produce discovery. The docket reflects that in February 2016, CASTLE was ordered to produce discovery and that any failure to produce would be sanctioned upon written notice filed with the trial court. On March 3, 2016, [Sunshine] filed such a motion for sanctions that the trial court denied on May 3, 2016. As far as the record demonstrates, there was no discovery violation.

*Sunshine Ltd. Partnership*, 8th Dist. Cuyahoga No. 104912, 2017-Ohio-1557 at ¶ 3, fn. 1.

{¶19} We recognize that in April 2016, Sunshine filed a renewed motion to dismiss and for sanctions based on CASTLE's alleged inadequate response to its discovery requests. The trial court never ruled on this motion, however, and thus we presume it was denied. *Vignal v.*

*Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 69603, 1996 Ohio App. LEXIS 4194, *16 (Sept. 26, 1996), citing *Mancino v. Lakewood*, 36 Ohio App.3d 219, 523 N.E.2d 332 (8th Dist.1987). Thus, we too find no discovery violation.

{¶20} Accordingly, we hold that given the trial court's error in granting a default judgment in the first instance, its refusal to grant relief from that erroneous judgment constituted an abuse of discretion. The first and second assignments of error are sustained; the judgment is reversed, and the matter is remanded for further proceedings. The third assignment of error, which contends that the trial court erred in not holding a damages hearing before the judge, rather than only upon documentary evidence, is overruled as moot. App.R. 12(A)(1)(c).

{¶21} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR