Jones, J.
 

 In order to escape the effect of the provisions of the policy, the assured relied upon allegations and proof of estoppel, and the trial court found in its favor on that ground. Parol evidence was offered, over the objection of the defendant, tending to prove that plaintiff refused to accept the policy until it was assured that the loss of silk shirts was covered by the terms of the
 
 *568
 
 policy; that this assurance as to coverage and liability was made by a local agent upon the instructions of another agent who was resident manager for northern Ohio. The court found that the latter “represented to plaintiff that said clause 19 (a) would not be interpreted so as to exclude silk shirts and ties from the protection of said policy of insurance and that plaintiff relied on same.”
 

 While testimony was offered tending to prove that a larger premium was charged for a coverage upon silk shirts, the court found that plaintiff was not advised of such different rate, hut believed that it was paying the full premium sum charged to obtain coverage therefor. The trial court therefore held that the insurance company was estopped from denying liability, and gave judgment for the value of the silk shirts.
 

 The terms of the contract are plain and unambiguous. It distinctly provides that the company should not be liable for any loss whatever on silks or articles made entirely or principally of that material. It is not claimed by plaintiff that the stolen goods were not in fact composed of silk, or that the silk shirts were not made principally of that material. The claim advanced is that the parties to the contract interpreted it otherwise, and parol evidence was offered to sustain that interpretation. If these provisions were ambiguous, evidence offered, to clear the ambiguity would have been relevant; however, when the terms of an insurance policy are plain and unambiguous, parol evidence is not admissible to contradict them. “Policies of insurance should be construed, like other contracts, so as to give effect to the intention and express lan
 
 *569
 
 guage of the parties.”
 
 Travelers’ Ins. Co.
 
 v.
 
 Myers & Co.,
 
 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760. “But the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense.” 14 Ruling Case Law, 931. “If the terms of the contract are express, the court cannot extend or enlarge the contract by implication so as to embrace an object distinct from that originally contemplated.” Joyce on Insurance, Section 219.
 

 This court cannot make a new contract for the parties where they themselves have employed express and unambiguous terms. In the construction of contracts the language employed must be given its usual and ordinary meaning, and, measured by this rule, this policy clearly excluded from its provisions shirts that were entirely silk or principally made of that material. If, through fraud or mistake, the policy did not embody the actual contract mutually entered into between the parties, a court of equity would have power to reform it. Had the action been one for such reformation, with a view to having the written policy cover silk shirts, under an agreed stipulation, the question of the agent’s authority to agree thereto, under clause 18 of the policy, might be judicially determined. But, where the issue made is what interpretation should be given a provision in the policy which we hold to be unambiguous, such unambiguous provision
 
 *570
 
 controls, whether agreed to by the company or an authorized agent.
 

 Entertaining these views, this court is of the opinion that the judgments of the lower courts should be reversed and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur.
 

 Wanamaker, J., not participating.