ERASMO ALCAMO, PLAINTIFF-RESPONDENT, v. MOTOR-
ISTS CASUALTY INSURANCE COMPANY, A CORPORA-
TION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided May 3, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Philip Insabella* (*William V. Rafferty,* of counsel).

For the defendant-appellant, *Green & Green* (*David Green,* of counsel).

PER CURIAM.

This is an appeal from a judgment entered after a jury had returned a verdict in favor of the plaintiff and against the defendant in the amount of four hundred and fifty ($450) dollars. These are the germane facts of the case:

The plaintiff, Erasmo Alcamo, owner of a Ford automobile truck, applied for membership in the Motor Club of New Jersey on July 3d, 1931. Membership in this association carried with it, as one of the benefits, a policy of insurance in the defendant company, upon payment of an additional fee which covered the cost of such insurance. The receipt given him, upon making his payment, provided: "This application is not binding upon the company until the policy is actually issued * * *." There is a further recital in this receipt, printed in red ink, as follows: "No agent has the authority

to change the above terms or make any statements verbal or in writing, other than those embodied in literature."

The policy of insurance itself is printed as an exhibit in the state of the case and has this provision: "The term of this policy begins twelve o'clock noon, July 7th, 1931." These several dates are material.

On July 4th, 1931, the plaintiff's car collided with an automobile owned by a man named Becht. The plaintiff retained Samuel Green, a member of the firm of Green & Green, practicing attorneys, who also are counsel for the Motorists Casualty Insurance Company and for the Motor Club of New Jersey as well, to represent him in a suit at law to recover damages against the said Becht. The result of that trial was an affirmative judgment against Alcamo and he brings this suit against the defendant below to recover the amount of that judgment on the policy issued by this defendant.

The receipt mentioned above, the membership certificate in the Motor Club, as well as the policy of insurance, were all offered in evidence and appear as exhibits in this case.

Motions for nonsuit and a direction of verdict were denied and the court submitted these facts to the jury which resulted in a judgment in favor of the plaintiff against the defendant in the above stated sum.

Several reasons are assigned for reversal by the appellant, insurance company, which need not be gone into here. Upon what theory of law the District Court judge submitted this case to the jury is not clear. These parties had contracted, one with the other, in writing, and in terms so clear as to be unmistakable.

The receipt given plaintiff when the application for membership was signed particularly states, "the application is not binding until the policy is issued." Membership in the club was issued and dated July 7th, 1931. The policy of insurance in the defendant corporation was likewise issued in due course and dated July 7th, 1931. The accident for which the plaintiff seeks to hold the defendant company answerable occurred on July 4th, 1931, three days previous to the issuance of the policy of insurance and one day following the signing of the

application, which was on the evening of July 3d. These exhibits constitute the agreement between these parties. The language of the contract cannot be strained into any such meaning as plaintiff sought to impress upon it. The contract itself cannot be changed by the statements made by a representative. When any such testimony was allowed it was error. *Naumberg* v. *Young,* 44 *N. J. L.* 331.

The judgment will be reversed, with costs.