PERRY ET AL., APPELLEES, *v.* GAMBLE ET AL., APPELLANTS.

(Decided November 21, 1938.)

*Messrs. Bowman & Hanna,* for appellees.
*Mr. Ray D. Avery* and *Mr. Wilbur E. Benoy,* for appellants.

OVERMYER, J.    This appeal on questions of law is prosecuted by the Motorists Mutual Insurance Company to reverse a judgment entered in Common Pleas Court upon a verdict for $236.68 against it and in favor of the Ohio Farmers Insurance Company.

An automobile collision had occurred between Archie R. Perry and Burton Gamble.    The former was insured by Ohio Farmers Insurance Company and the latter by Motorists Mutual.    An action was brought by Perry and the Ohio Farmers against Gamble, and he was summoned but, it is claimed, no notice of such action was brought to Motorists Mutual, and the action proceeded to judgment against Gamble, he making no defense thereto.    Thereupon, under Section 9510-4,

General Code, a supplemental petition was filed, summons issued and served upon Motorists Mutual, issue joined and trial had, with the results above stated. In the course of the trial Perry was dismissed as a party plaintiff, it appearing he had been fully compensated for his loss by Ohio Farmers and had no further interest in the case, and Ohio Farmers had the entire interest as plaintiff.

The first error assigned and presented to the attention of this court is that the trial court denied the motion of Motorists Mutual for a directed verdict in its favor and a motion for judgment notwithstanding the verdict. The motions were grounded upon the following record facts:

Motorists Mutual is an insurance company organized under Section 9607-2 *et seq.*, General Code, on the mutual plan, requiring membership in the company by policy holders, and members are held clearly to the provisions of the policy and the law governing mutual companies. In 1935, effective May 1st, Burton Gamble became the owner and holder of a policy issued by Motorists Mutual, covering public liability and property damage on his automobile, and to continue for six months, subject to further continuances for six-month periods by payment of premiums at the proper time. The first renewal premium was due November 1, 1935, was not paid, and by reason thereof the policy concededly became lapsed.

No efforts were made by insured to renew or reinstate the policy until more than two years had elapsed, when, on January 11, 1937, Gamble went to the offices of the local agent of the insurance company at Bowling Green, Wood county, Ohio, and made application for the reinstatement of the policy for public liability and property damage, and in addition for coverage also for theft and fire. The policy which insured had held for two years contained the following provision on the subject of reinstatement of the policy, viz.:

"A lapsed policy may be reinstated upon written application for such reinstatement made to and accepted by an officer or representative of the company thereunto duly authorized by action of the board of directors, at its home or district office, and by the payment of the reinstatement fee of $1, which shall accompany such applicaion; but the company will not pay any loss sustained between the date of lapse and date of reinstatement."

Having paid a membership fee of $6 when he became an insured on May 1, 1935, Gamble was not required to pay a further membership fee to be reinstated in January, 1937, but could be reinstated by, and only by, a compliance with and according to the provisions of the policy above quoted.

When Gamble, on January 11, 1937, in mid-afternoon, made application as hereinbefore stated, he paid the local agent $8.90, being $2 premium for new insurance for fire and theft, and $6.90 for premium as reinstatement for public liability and property damage, whereupon said local agent issued to Gamble a receipt, made out the application and later in the afternoon mailed it with remittance, to the home office of the Motorists Mutual at Columbus, Ohio. The receipt issued to Gamble reads as follows: (parts in writing italicized)

"Receipt.

"Received of *Burton Gamble, Rudolph, Ohio,* the sum of *$8.90* for deposit with application for automobile insurance.

"Applicant will please notify the Motorists Mutual Insurance Company of Columbus, Ohio, should policy not be received within 15 days from date hereof.

"Motorists Mutual Ins. Co.
"*Carl R. Fish,*
"Agent

"Date: *January 11, 1937.*

"All applications subject to acceptance at home office.

"*Reinstated.*"

At about 10:30 p. m. of January 11, 1937, and before the letter above referred to could reach the home office, the automobiles of Perry and Gamble collided. Upon the arrival of said application and remittance at the home office on the morning of January 12, 1937, and, according to the record, without knowledge of the collision and loss to applicant Gamble, the home office issued a new policy to Gamble covering not only the public liability and property damage of the original policy but also the new coverage for fire and theft, and this policy was issued as being effective at 12 o'clock noon of January 12, 1937, about 14 hours after the collision occurred. The claim of appellant, the Motorists Mutual, is that there was no coverage at the time of the collision; that the writing of the word "reinstated" on the bottom of the receipt above set forth was nothing more than a memorandum of the local agent; and that by the very terms of the policy sought to be reinstated, the local agent had no authority to do so if he desired, and could not reinstate said policy, and that same could be done only by the home or district office in strict conformity with the terms of the policy, and that as a matter of law no insurance existed at the time of the collision.

The trial court, in passing on appellant's motion for a directed verdict, stated that:

"The thing that takes this case to the jury is the receipt of Mr. Fish [the local agent] on which is endorsed the word 'reinstated.' I am inclined to think it should go to the jury and I think that one word in the receipt takes it to the jury."

The trial court charged the jury that the contract (policy) was partly written and partly oral, evidently meaning that the testimony of Gamble and the local

agent, Fish, as to the conversation had on the afternoon of January 11, 1937, when the application for reinstatement was made, and as to representations made by the agent regarding the effective time of reinstatement, and as to the significance of the word "reinstated" written on the receipt given Gamble, was to be considered in determining the terms of the contract between the parties.

The record shows that the testimony of neither Gamble nor Fish discloses any reference as to the occasion for writing the word "reinstated" on the receipt, nor does the testimony of either show any representations made by the agent that the effective time of reinstatement of public liability and property damage could be fixed by the agent, or otherwise than by the home or district office, as provided in the policy sought to be reinstated. On the very printed receipt given by the agent to Gamble for his premium, and on which the agent wrote the word "reinstated," appears in plain print this unmistakable statement: "All applications subject to acceptance at home office".

Appellee's claim for affirmance of the judgment is based on the erroneous proposition that the local agent of Motorists Mutual had authority to determine the effective moment of the reinstatement of said policy for public liability and property damage, when in fact the written contract and the evidence specifically negative such claim. The local agent having no authority to reinstate the policy himself, it would have been of no avail to have attempted to reinstate it, and he denies such attempt or any representation to that effect and no such attempt or representation is shown. When Gamble's application, with fire and theft coverage added, reached the home office, the company reinstated the old policy covering public liability and property damage by issuing a new policy for public liability, property damage, fire and theft, as it had a right to do. The policy was issued effective as

of noon January 12, 1937, and there was therefore no coverage for public liability and property damage on the night of January 11, 1937, when the collision occurred. By the terms of the policy and the evidence there was no question to submit to the jury. As a matter of law, no insurance existed at the time of collision, and the court should have sustained the motion for a directed verdict in favor of the appellant. We cite the following authorities among many that might be cited in support of our conclusion. *Union Central Life Ins. Co.* v. *Hook,* 62 Ohio St., 256, 56 N. E., 906; *Mougey* v. *Union Central Life Ins. Co.,* 123 Ohio St., 595, 176 N. E., 455; *Columbus Mutual Life Ins. Co.* v. *Hines,* 129 Ohio St., 472, 196 N. E., 158; *Alcamo* v. *Motorists Casualty Ins. Co.,* 11 N. J. Misc., 350, 165 A., 861; *Union Mutual Life Ins. Co.* v. *Mowry,* 96 U. S., 544, 24 L. Ed., 674; *Fidelity Co.* v. *Hartzell Bros. Co.,* 109 Ohio St., 566, 143 N. E., 137.

Other errors are assigned relating to the admission of evidence, failure to give notice of suit to appellant, the charge of the court and other matters. These become immaterial and will not be discussed.

The judgment of the lower court will be reversed and final judgment is entered for appellant.

*Judgment reversed and final judgment for appellant.*

Lloyd and Carpenter, JJ., concur.