RHEINSTROM ET AL., TRUSTEES, *v.* FEDERAL INS. CO. ET AL.

(Nos. A 202062 and A 202063—Decided April 11, 1967.)

Court of Common Pleas, Hamilton County.

*Mr. C. R. Beirne,* for plaintiffs.
*Mr. Edward J. Utz,* for defendants.

KOHNEN, J.   The above consolidated cases were heard by this court and submitted, briefs presented later. Briefly, the facts are that the defendant issued insurance policies for the premises of the Karl Kiefer Machine Company against loss on acount of vandalism and malicious mischief for a period of three years from September 14, 1961, to September 14, 1964, and issued an endorsement naming the plaintiffs herein, as trustees, on March 22, 1963.   In

June of 1963, vandals entered the insured premises and caused damage. The plaintiffs allege that a "due proof of loss was filed with the defendant * * * but the defendant has denied any liability to the plaintiffs."

The plaintiffs contend that they paid an additional premium on the coverage afforded by the vandalism endorsement, that the defendant accepted the said premium and retained said additional premium after the expiration of the thirty-day period.

The defendant denies that proof of loss was filed with it, contending that under its insuring agreement, the defendant insurance companies are not liable for loss under a vandalism and malicious mischief endorsement occurring while the described building is vacant beyond a thirty-day period, as provided by the policy, contending that a permit attachment to the policy specifically states that "attachment of this permit does not void the thirty-day vacancy limit in the vandalism and malicious mischief endorsement," and that the premises were vacant for more than thirty days prior to the loss.

The extensive and well prepared briefs of the parties are before the court and will be with the record, including the stipulations entered into between the parties, and therefore will not be fully reviewed here.

Over objection by counsel for the plaintiffs, Mr. Earls testified that he had written Mr. Rheinstrom on June 3, 1963, explaining the additional premium cost for coverage for vandalism and malicious mischief during the period of the vacancy of the premises and that he had had a discussion with Mr. Rheinstrom in May 1963, concerning this same subject, and that the additional premium for the vandalism and malicious coverage would have been $42.00 per month. The court reserved its ruling on the objection of plaintiffs' counsel to this testimony of Mr. Earls.

After reviewing and considering the authorities and the contentions of the parties concerning this objection, the court finds the objection should be and is hereby overruled.

A question presented here is "whether the coverage provided by the vandalism and malicious mischief en-

dorsement (Company Form No. 205) was suspended in June 1963, because the premises had then been vacant for a period of more than thirty days. This question arises because of the following clause in the endorsement.

"5. The permitted period of vacancy as provided by said fire policy shall apply to liability under this endorsement except when such permitted period is in excess of thirty days, in which case this company shall not be liable for loss under this endorsement occurring while the described building is vacant beyond a period of thirty days, whether or not such period commenced prior to the inception date of this endorsement: * * *."

The issue before this court does not concern the amount of damage suffered by the insured as a result of vandalism and malicious mischief.

The plaintiffs submit that if any confusion or ambiguity arises by reason of the words of limitation of coverage in clause No. 5 of the endorsement (Form No. 205), or by reason of the "Notes to Agents" at the bottom of the vacancy permit, such confusion or ambiguity must be resolved in favor of the insured, citing and reviewing: *Munchick* v. *Fidelity & Casualty Co* (1965), 2 Ohio St. 2d 303; *Peterson* v. *Nationwide Mut. Ins. Co.* (1964), 175 Ohio St. 551.

The court also reviewed and considered *Trolio* v. *McLendon*, 9 Ohio St. 2d 103, decided March 1, 1967, by the Ohio Supreme Court.

Paragraph 2 of Form 205 and "Notes to Agents" referred to by the plaintiffs, read as follows:

"2. The term vandalism * * * as used herein is restricted to and includes only wilful or malicious physical injury to or destruction of a described property, citing exceptions noted, paragraph 3, endorsement 205."

"NOTES TO AGENTS: 1. For information regarding the granting of vacancy or unoccupancy permits, refer to rule book. The attachment of this permit does not void the thirty-day vacancy limit in the vandalism and malicious mischief endorsement if also attached to the policy—refer to special rules for vacancy endorsements 'A' and

'B.' This permit must not be granted for a period longer than six months."

The court has ruled on the admissibility of the testimony of Mr. Earls and has reviewed authorities on this question, including the cases cited by plaintiffs: *Fidelity & Cas. Co.* v. *Hartzell Bros. Co.*, 109 Ohio St. 566; *Union Central Life Ins. Co.* v. *Hook*, 62 Ohio St. 256.

The defendant contends that the issue here is the "construction of the insurance policy on which plaintiffs based their claim," claiming that the vacancy permit was expressly limited under the provision of the policy and was the understanding and agreement of the parties and expressed in clear and unambiguous language, that the words in the policy are to be given their natural and usual meaning unless otherwise be found.

In the area of construction of the words of the policy, the parties here agree that "in case of doubtful meaning or ambiguity in the terms or language of a policy, the policy is to be construed most favorably to the insured." In this connection, numerous cases are cited.

This court has reviewed and considered the briefs submitted by the parties here, including the exhibits and the transcript of the testimony of the witnesses, etc., and is in accordance with the principle that a contract must be construed as a whole, including all of its terms, and this court has so examined the insurance policies and applied this principle.

The court finds that the wording of the policy, including the endorsements as indicated in the record, is not ambiguous and clearly states a limitation upon the permitted period of vacancy with respect to vandalism and malicious mischief coverage. Thus the defendant insurance companies are not liable for damages to the property as claimed in the plaintiffs' petition.

*Judgments for defendants.*