OPINION
Appellants Patrick and Maria Fiorelli are appealing the decision of the Fairfield County Court of Common Pleas that denied their motion for summary judgment. The following facts give rise to this appeal.
On February 14, 1997, appellants entered into a "back-up contract" with Appellee TransAmerica Financial Services, Inc. ("TransAmerica") for the purchase of real estate located at 9776 Camelot Street, Pickerington, Fairfield County. Prior to this date, Appellee TransAmerica had entered into a contract, for the purchase of this real estate, with Appellees Richard and Jana Della Flora. This contract, between Appellees TransAmerica and Richard and Jana Della Flora, required execution and completion of the contract prior to March 6, 1997. The only contingency for completion of this contract was Appellee Della Floras obtaining suitable financing for the conveyance of the property.
The following language is contained in the "back-up" contract entered into between Appellee TransAmerica and Appellants Fiorelli:
 This contract is 1st backup to the 1st contract. If the 1st contract is not executed and completed by 3/7/97, this contract shall become the 1st contract and proceed to close.
On March 6, 1997, Appellee TransAmerica received written, unconditional loan approval relative to the first contract with Appellees Della Floras. Upon receipt of this notice, Appellee TransAmerica notified appellants that the first contract would proceed to closing. The first contract between Appellees TransAmerica and Della Flora closed on March 24, 1997.
Appellants filed this breach of contract action against Appellees TransAmerica and Della Flora on May 12, 1997. Appellees Della Flora filed a counter claim to quiet title on June 10, 1997, and a motion for summary judgment on July 18, 1997. Appellants Fiorelli filed a cross-motion for summary judgment, on August 13, 1997, against Appellees Della Flora. Appellants Fiorelli also filed a motion for summary judgment against Appellee TransAmerica on November 20, 1997. Appellee TransAmerica filed a cross-motion for summary judgment against Appellants Fiorelli on December 24, 1997.
On April 15, 1998, the trial court issued its decision granting summary judgment in favor of Appellees Della Flora quieting title to the parcel of real estate in dispute. The trial court overruled appellants' motion for summary judgment and granted summary judgment to Appellee TransAmerica. The trial court determined that the necessary condition precedent in Appellees Della Floras' contract occurred by March 7, 1997, thereby subordinating appellants' "back-up" contract to the first contract executed between Appellees Della Flora and TransAmerica.
Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION OF APPELLEE, TRANSAMERICA FINANCIAL SERVICES, ON THE THEORY THAT A CONTRACT IS FULLY EXECUTED AND COMPLETED UPON THE EXCHANGE OF PROMISES GIVING RISE TO AN ENFORCEABLE CONTRACT AND BEFORE ANY TENDER OF PERFORMANCE.
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE APPELLANTS' MOTION FOR SUMMARY JUDGMENT WHERE THE APPELLEES REFUSED TO PERFORM, AFTER THE FULFILLMENT OF THE CONDITION PRECEDENT TO THE ENFORCEABILITY OF APPELLANTS' CONTRACT.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignments of error.
 I, II
Appellants address both of their assignments of error simultaneously and we will do the same. Appellants contend, in their first assignment of error, the trial court erred when it granted Appellee TransAmerica's motion for summary judgment on the theory that a contract is fully executed and completed upon the exchange of promises giving rise to an enforceable contract and before any tender of performance. In their second assignment of error, appellants maintain the trial court erred when it failed to grant their motion for summary judgment where Appellee TransAmerica refused to perform after the fulfillment of the condition precedent to the enforceability of their contract. We disagree with both of these assignments of error.
Generally, a trial court is required to presume the intent of the parties to a contract resides in the language they chose to employ in the agreement. Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638, citing Kelly v. Medical Life Ins.Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. Only when the contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language or the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions.Id., citing Kelly at 132. When the terms of a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,246, citing Blosser v. Enderlin (1925), 113 Ohio St. 121, paragraph one of the syllabus; Fidelity Casualty Ins. Co.v. Hartzell Bros. Co. (1924), 109 Ohio St. 566, 569.
The pertinent language contained in the "back-up" contract required that the first contract be "executed and completed" by March 7, 1997. A review of the first contract indicates that the only contingency in that contract was that Appellees Della Flora obtain suitable financing for the conveyance. We agree with the trial court's interpretation that on March 6, 1997, when Appellee TransAmerica received unconditional loan approval relative to the first contract with Appellees Della Flora, the fulfillment of this contingency completed the first contract. Further, the language in dispute fails to mention when closing must occur. In fact, the language does not even address the issue of closing.
Based upon this interpretation of the language used in the "back-up" contract, we find the trial court did not err when it found Appellees Della Flora and TransAmerica executed and completed the first contract when Appellee TransAmerica received written notice of unconditional loan approval from Appellees Della Flora. Ohio courts have recognized that an instrument that is not executed with all the formalities required for a conveyance of real estate may be enforced as an executory contract to convey.Reck v. Daley (1943), 72 Ohio App.3d 307, paragraph six of the syllabus.
The trial court also did not err when it failed to grant appellants' motion for summary judgment because the condition precedent to the enforceability of appellants' contract never occurred since the first contract was "executed and completed" before March 7, 1997.
Appellants' first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.