[Cite as *Davie v. Nationwide Mut. Ins. Co.*, 2015-Ohio-422.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101453

**MICHAEL DAVIE**

PLAINTIFF-APPELLEE

vs.

**NATIONWIDE MUTUAL INSURANCE CO., ET AL.**

DEFENDANT-APPELLEE

[Appeal by George A. Saridakis,
Third-Party Defendant and Appellant]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-793284

**BEFORE:** Boyle, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**ATTORNEY FOR APPELLANT**

Robert Troll Lynch
Lynch Legal Services
35253 Maplegrove
Suite 102
Willoughby, Ohio   44094

**ATTORNEYS FOR APPELLEES**

**For Nationwide Mutual Insurance Co.**

Timothy E. Keck
Sue Pohler
Pohler & Associates, L.L.C.
Taylor Professional Building
6445 East Livingston Avenue
Reynoldsburg, Ohio   43068

**For Erica Davie**

Donald R. Murphy
12800 Shaker Boulevard
Suite 200
Cleveland, Ohio   44120

MARY J. BOYLE, J.:

**{¶1}** Third-party defendant, appellant George Saridakis, appeals from the trial court's decision granting default judgment in favor of defendant third-party plaintiff-appellee Nationwide Mutual Insurance Co. ("Nationwide"). Finding no merit to the appeal, we affirm.

Procedural History and Facts

**{¶2}** In October 2012, Michael Davie, who had been in a car accident the previous year and carried a policy of insurance with Nationwide, filed a complaint against Nationwide, asserting several counts as a result of Nationwide's failure to provide insurance benefits. Davie alleged that the tortfeasor, appellant Saridakis, was uninsured at the time of the accident.

**{¶3}** In November 2012, Nationwide answered Davie's complaint and asserted a third-party complaint against Saridakis. In its third-party complaint, Nationwide alleged that it is entitled to recover UM/UIM benefits paid to its insured for Saridakis's negligent acts. Nationwide further alleged that it has already compensated Erica Davie for injuries and damages resulting from the accident in an amount in excess of $25,000.

**{¶4}** Saridakis never answered the complaint. On December 10, 2013, Saridakis's counsel filed a notice of appearance and a motion to continue the trial scheduled for December 16, 2013. The trial court denied the motion, noting that Saridakis is not a party to this phase of the trial — the trial pertained to Davie's contract claims against Nationwide, which is not part of this appeal. Two days following the motion for a continuance, Saridakis's counsel filed a motion to withdraw. On January 2, 2014, the trial court issued an order, indicating that counsel's motion "did not satisfy local rules."

**{¶5}** On April 10, 2014, after the claims between Davie and Nationwide were resolved, the trial court set a default hearing on Nationwide's pending claim against Saridakis. The court

set the hearing for May 5, 2014, providing notice to all the parties. Nationwide filed its motion for default judgment on April 23, 2014, and attached an affidavit of damages.

{¶6} Prior to the default hearing, on May 1, 2014, Saridakis's counsel filed a notice of resignation. That same day, the trial court struck the notice, noting that the notice "does not satisfy Loc.R. 10(B) which requires counsel to file a motion to withdraw and serve the client and all other counsel of record with the motion." The court further noted that "once counsel has filed the motion properly, the court will rule on his motion." On May 2, 2014, Saridakis's counsel filed another motion to withdraw as counsel and provided notice of the same to Saridakis.

{¶7} On May 5, 2014, the trial court held the default hearing, which Saridakis failed to appear. Based on the evidence presented, the trial court awarded Nationwide default judgment in the amount of $29,474.07 — the amount that it had paid its policyholder as a result of Saridakis's negligence. The trial court further ordered that Saridakis shall pay 3 percent statutory post-judgment interest.

{¶8} From this order, Saridakis appeals, raising the following single assignment of error:

> The trial court erred to the prejudice of the third-party defendant in failing to recognize excusable neglect relevant to the activities of the third-party defendant.

## Standard of Review

{¶9} We review a trial court's decision to grant a motion for default judgment under an abuse of discretion standard. *Chase Bank USA, N.A. v. Courey*, 8th Dist. Cuyahoga No. 92798, 2010-Ohio-246, ¶ 22. An abuse of discretion occurs when a decision is unreasonable, arbitrary,

or unconscionable.   *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 25.

<u>Argument Not Raised Below and Evidence Outside of the Record</u>

**{¶10}** In his sole assignment of error, Saridakis argues that he "was less than one-half hour late to the final hearing on this matter" as a result of "the well-known traffic jam of elevators" in the justice center.   According to Saridakis's appellant brief, the trial court failed to wait a reasonable amount of time and improperly awarded default judgment, despite his showing of excusable neglect.   But there is nothing in the record to support this claim, and we cannot decide this appeal on information presented for the first time in a brief on appeal.

**{¶11}** While Saridakis attempted to supplement the appellate record with his own affidavit, such affidavit was properly stricken because it had never been part of the trial court record below.   *See* App.R. 9(A); *Erie Ins. v. Williams*, 9th Dist. Summit No. 23157, 2006-Ohio-6754 (appellant's affidavit swearing that he did not receive service could not be considered by reviewing court as it had not been filed with the trial court).   A reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings and then decide the appeal on the basis of the new evidence.   *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

**{¶12}** "Civ.R. 55, the default judgment rule, authorizes a court, in its discretion, to enter judgment in favor of a party seeking affirmative relief when 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend * * *.'"   *Zuljevic v. Midland-Ross Corp. Unitcast Div.*, 62 Ohio St.2d 116, 403 N.E.2d 986 (1980), fn. 2, quoting Civ.R. 55(A).   Here, Saridakis never filed an answer or otherwise defended against the claims

asserted by Nationwide. Further, Saridakis fails to demonstrate on appeal that the trial court abused its discretion in granting default judgment against him.

**{¶13}** The sole assignment of error is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR