FRANK D. CELEBREZZE, JR., J.:
{¶1} Plaintiff-appellant, Robert Lukacevic ("appellant"), brings the instant appeal challenging the trial court's ruling on his motion for summary judgment. Specifically, appellant argues that the trial court erred by (1) denying his summary judgment motion on his claims for deed reformation and fraud and dismissing those claims, and (2) awarding him $ 5,500 on his unjust enrichment claim. Finally, appellant argues that the trial court erred by determining that his motion for sanctions, including default judgment, was moot. After a thorough review of the record and law, this court affirms in part, reverses in part, vacates the trial court's award of $ 5,500 on appellant's unjust enrichment claim, and remands the matter for further proceedings consistent with this opinion.
I. Factual and Procedural History
{¶2} The instant matter arose from a dispute between appellant and defendant-appellee, Clinton Daniels ("Daniels"), over ownership of a property located on Archwood Avenue in Cleveland, Ohio. Appellant met Daniels on July 24, 2016. Appellant was looking to purchase a home, and Daniels recommended that he consider purchasing a home at a sheriff's sale. They looked at houses together on July 30 and 31, 2016.
{¶3} The Archwood Avenue house was listed as a duplex. Appellant considered purchasing the house as an investment property, and either renting out both units, or living in one of the units and renting out the other unit. He also considered living in the whole house.
{¶4} Appellant and Daniels decided to purchase the house together. They agreed that they would split the down payment and purchase price. On August 1, 2016, appellant and Daniels attended a sheriff's sale together. Daniels was unable to contribute his half of the down payment at the sheriff's sale. He advised appellant that he would pay him back if appellant covered the down payment of $ 1,500.
{¶5} Appellant bid $ 11,000 on the Archwood Avenue house, and the bid was *848 accepted. Appellant tendered the down payment of $ 1,500. Both appellant and Daniels signed the bidder's form/deed at the sheriff's sale.
{¶6} Appellant and Daniels were required to pay off the purchase price within 30 days of the sheriff's sale. Although Daniels assured appellant that he would get the money to cover his half of the purchase price, he failed to do so. Appellant tendered a second payment of $ 4,000 towards the purchase price on August 12, 2016. Appellant paid off the remaining balance of $ 5,759.77 on August 29, 2016. Daniels did not contribute any money towards the $ 11,000 purchase price - appellant paid the full amount himself.
{¶7} Although Daniels had not contributed any money towards the purchase price, appellant discovered that the deed listed both his name and Daniels's name as title owners. Appellant initially demanded that Daniels sign a quitclaim deed[1] such that the property's deed would list appellant as the sole title owner. Daniels did not sign a quitclaim deed, and the property's deed still lists both appellant and Daniels as title owners.
{¶8} On September 23, 2016, appellant, acting pro se, filed a complaint against Daniels. Therein, appellant asserted a single cause of action for breach of contract. Daniels, acting pro se, filed an answer to appellant's complaint on October 14, 2016.
{¶9} On May 12, 2017, after retaining counsel, appellant filed a motion for leave to file an amended complaint and an amended complaint. In his amended complaint, appellant asserted causes of actions for reformation of deed, fraud, and unjust enrichment. On May 17, 2017, the trial court granted appellant's motion for leave to file an amended complaint. The trial court ordered Daniels to file an answer or otherwise respond to the amended complaint in accordance with Civ.R. 15.
{¶10} On June 2, 2017, Daniels filed a motion "to file an answer to amended complaint." The trial court granted Daniels's motion on June 9, 2017.
{¶11} On August 29, 2017, appellant filed a motion for judgment on the pleadings. The trial court denied appellant's motion.
{¶12} On November 13, 2017, appellant filed a motion for sanctions, including default judgment. Daniels filed a brief in opposition on November 21, 2017.
{¶13} On November 20, 2017, appellant filed a motion to deem requests for admission admitted. Appellant propounded the following requests for admissions upon Daniels:
1. Admit that you have an initial agreement with [appellant] to purchase the property at a Sheriff's sale together, with both you and [appellant] contributing equal monetary shares.
2. Admit that you have not contributed any money towards the purchase of the property.
3. Admit that you never intended to contribute any money towards the purchase of the property with [appellant].
4. Admit that, at the sheriff's sale for the property, it was not the intention of [appellant] to put your name on the deed for the property.
5. Admit that, at the sheriff's sale for the property, you knew that it was not the intention of [appellant] to put your name on the deed for the property.
6. Admit that you knew it was [appellant's] intention to only have his name *849 on the deed for the property, as he was paying the entire purchase price.
7. Admit that all payments towards the purchase of the property have been made by [appellant].
8. Admit that, at the Sheriff's sale for the property, you fraudulently caused your own name to be recorded onto the deed for the property, without [appellant's] permission or knowledge.
9. Admit that you have refused to remove your name from the deed for the property after having been asked by [appellant].
10. Admit that your name is wrongfully on the deed to the property.
11. Admit that you coerced [appellant] into buying the property with his own money with the intent of defrauding him.
The trial court granted appellant's motion, which Daniels did not oppose, on November 30, 2017.
{¶14} Also, on November 20, 2017, appellant filed a motion for summary judgment. Daniels filed a motion "for answer summary judgment" on January 23, 2018. The trial court granted appellant's motion to strike Daniels's brief in opposition to summary judgment, concluding that it was not filed within the 30-day time limit set forth in Loc.R. 11 of the Court of Common Pleas of Cuyahoga County, General Division. The trial court held a hearing on appellant's motion for summary judgment on January 31, 2018. Daniels did not appear at the hearing.
{¶15} On March 2, 2018, the trial court issued a judgment entry granting appellant's motion for summary judgment in part and denying the motion in part. Specifically, the trial court granted summary judgment in appellant's favor on his unjust enrichment claim. The trial court entered judgment in favor of appellant and against Daniels in the amount of $ 5,500. The trial court denied appellant's motion for summary judgment on his claims for deed reformation and fraud. The trial court dismissed these claims. Finally, the trial court determined that appellant's motion for sanctions, including default judgment, was moot.
{¶16} On March 28, 2018, appellant filed a motion to vacate the trial court's March 2, 2018 judgment and/or a motion for reconsideration. The trial court denied appellant's motion to vacate and/or for reconsideration on March 30, 2018.
{¶17} On March 30, 2018, appellant filed the instant appeal challenging the trial court's judgment. He assigns three errors for review:
I. The trial court committed reversible error when it denied [appellant's] motion for summary judgment on his counts for reformation of deed and fraud, and subsequently dismissing those counts without cause and contrary to law.
II. The trial court committed reversible error when it awarded only $ 5,500.00 in damages to [appellant] on summary judgment for unjust enrichment.
III. The court committed reversible error in failing to grant [appellant's] motion for sanctions, including default judgment.
II. Law and Analysis
A. Summary Judgment
{¶18} In his first assignment of error, appellant argues that the trial court erred by denying his motion for summary judgment on his claims for deed reformation and fraud, and dismissing those counts.
1. Standard of Review
{¶19} Summary judgment, governed by Civ.R. 56, provides for the expedited adjudication of matters where there is no material *850 fact in dispute to be determined at trial. In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. , 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).
{¶20} The moving party has the initial responsibility of establishing that it is entitled to summary judgment. Dresher v. Burt , 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." Deutsche Bank Natl. Trust Co. v. Najar , 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, 2013 WL 1791372, ¶ 16, citing Dresher at 293, 662 N.E.2d 264.
{¶21} Once a moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the nonmoving party has a duty to come forth with argument and evidence demonstrating a material issue of fact does exist that would preclude judgment as a matter of law. Dresher at id. Summary judgment is appropriate if the nonmoving party fails to meet this burden. Id.
2. Deed Reformation and Fraud
{¶22} The trial court's judgment entry and opinion denying appellant's motion for summary judgment and dismissing his deed reformation and fraud claims provides, in relevant part,
[appellant] averred in his affidavit attached to his Motion for Summary Judgment and reiterated at the hearing in sworn testimony that it was the original intention of himself and [Daniels] to purchase the property at 3604 Archwood together. * * * While [appellant] testified that [Daniels] could not come up with the money at the time of the [sheriff's] sale, [Daniels] still made assurances to [appellant] that he would pay his share and that they would share ownership of the property. Moreover, [appellant] failed to provide the Court with clear and convincing evidence of any alleged fraud on behalf of [Daniels]. Accordingly, the Court finds that the deed expresses the real intention of the parties, i.e. equal ownership in the property.
Order and Opinion at p. 5. The trial court went on to conclude, in relevant part, "the Court finds that [appellant] can prove no set of facts entitling him to relief on his claim to Reform the Deed for 3604 Archwood and for his Fraud claim. * * * [Appellant's] claims for Reformation of the Deed and Fraud are DISMISSED." Order and Opinion at p. 6-7.
{¶23} Generally, reformation is available based on mutual mistake or fraud. Davis v. Difilippo , 9th Dist. Wayne No. 95CA0046, 1996 WL 137406, *3 (Mar. 27, 1996), citing Wagner v. Natl. Fire Ins. Co. , 132 Ohio St. 405, 412, 8 N.E.2d 144 (1937), and Kungle v. Equitable Gen. Ins. Co. , 27 Ohio App.3d 203, 206, 500 N.E.2d 343 (9th Dist. 1985). "Grounds for reformation must be shown by clear and convincing evidence." Davis at id. , citing Mason v. Swartz , 76 Ohio App.3d 43, 50, 600 N.E.2d 1121 (6th Dist. 1991).
"[R]eformation" is defined as the remedy afforded by courts possessing equitable jurisdiction to the parties and the privies of parties, to written instruments *851 which import a legal obligation to reform or rectify such instruments whenever they fail, through fraud or mutual mistake, to express the real agreement or intention of the parties.
Greenfield v. Aetna Cas. & Sur. Co. , 75 Ohio App. 122, 127-128, 61 N.E.2d 226 (12th Dist. 1944).
Furthermore, reformation, at its core, is an equitable remedy. Its application thus "depends upon the facts and circumstances of each case and is largely concerned with the prevention of frauds and relief against mistakes." ABN AMRO [Mtge. ] Group, Inc. v. Kangah , 126 Ohio St.3d 425, 2010-Ohio-3779, 934 N.E.2d 924, ¶ 11 (discussing another equitable remedy-equitable subrogation); see Wagner [at 413] (noting that reformation may be warranted due to fraud or mutual mistake); Fid. & Cas. Co. of New York v. Hartzell Bros. Co. , 109 Ohio St. 566, 569, 143 N.E. 137 (1924) (pointing out that reformation permissible when, "through fraud or mistake, the [written instrument] did not embody the actual contract mutually entered into between the parties"); Baltimore & [Ohio RR. ] Co. v. Bing , 89 Ohio St. 92, 105 N.E. 142 (1913) ("The only grounds for reforming an instrument are those of fraud or mutual mistake."). Therefore, the concept of negligence in the reformation context is "far from being a static concept subject to mechanical application, [but rather] is one that requires careful consideration of the facts to determine if the party seeking reformation of a deed is, both in light of personal action taken and as a matter of equity, entitled to such relief." 27 Williston on Contracts, Section 70:49. For instance, when "a party acknowledges that it made a mistake, while the other party clearly knew or should have known of the mistake, then to prevent reformation of the pertinent documents due to mistake would be inequitable and unjust. This is particularly true where the unmistaken party has not changed any position in reliance on the mistake. Note, however, that the court will not allow the unmistaken party to improve its position because of the mistake." Id. (footnote omitted). Accordingly, courts should carefully consider the unique equities of each situation when determining whether a party is entitled to have a written instrument reformed.
Natl. City Real Estate Servs., L.L.C. v. Frazier , 2018-Ohio-982, 96 N.E.3d 311, ¶ 32 (4th Dist.).
{¶24} In the instant matter, the evidence that appellant submitted in support of his summary judgment motion did not demonstrate a question of fact supporting mutual mistake. A "mutual mistake" means " 'a common mistake by all the parties to the contract.' " Wells Fargo Bank Minnesota v. Mowery , 187 Ohio App.3d 268, 2010-Ohio-1650, 931 N.E.2d 1121, ¶ 24 (4th Dist. 2010), quoting Huber v. Knock , 1st Dist. Hamilton No. C-080071, 2008-Ohio-5900, 2008 WL 4891562, ¶ 6. The record reflects that appellant and Daniels had an agreement, and intended to purchase the property together, each contributing half of the purchase price. It is undisputed that Daniels was unable to come up with his half of the purchase price before the sheriff's sale. However, he assured appellant that he would come up with his half of the purchase price, pursuant to their agreement that both appellant and Daniels would pay for half of the purchase price and their intention that they would have equal ownership of the property. Accordingly, the fact that the deed lists both appellant and Daniels as owners of the property is consistent with the parties' agreement and intention to purchase the property together, split the *852 purchase price, and have equal ownership of the property.
{¶25} To the extent that appellant alleges that at the sheriff's sale, Daniels finagled his name onto the deed without appellant's knowledge or permission, this would not warrant reformation based on mutual mistake. For all of these reasons, we find that the trial court properly determined that appellant was not entitled to reformation based on a mutual mistake.
{¶26} The evidence that appellant submitted in support of his summary judgment motion did, however, demonstrate a question of fact supporting fraud.
The elements of fraud are: (a) a misrepresentation or concealment of fact; (b) that is material to the transaction at hand; (c) made falsely, with knowledge of its falsity or with utter disregard and recklessness as to whether it is false; (d) with the intent of misleading another into relying upon it; (e) justifiable reliance upon the misrepresentation or concealment; and (f) resulting injury proximately caused by the reliance.
Cantlin v. Smythe Cramer Co. , 8th Dist. Cuyahoga No. 106697, 2018-Ohio-4607, 114 N.E.3d 1260, ¶ 37, citing Cohen v. Lamko, Inc. , 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984).
{¶27} During the trial court's hearing on appellant's summary judgment motion, when appellant was asked whether it was his understanding that Daniels would contribute to the purchase price for the house, appellant testified,
Yes. At first it wasn't. He didn't seem to say, let's go get a house together. That wasn't the initial thing. But once we started looking at the houses, I was talking to him about the options and I think maybe when I said something like, you know, I could rent out half, he may have said, well, I could live in the other half, something like that, because he was indicating that he wanted to move out from his mother's house at that point.
(Tr. 17.) Appellant confirmed that the purchase became a "50/50 arrangement":
[Daniels] said, you know, we can go in halves on this, but he said I don't have the money right now; I can get it on August 5th, but you would have to come up with the down payment first and I would pay you back on August 5th. Then he explained that the balance of the sale had to be done within 30 days.
So I really didn't think there was too much to worry about, because, you know, if he chose not to participate in [the purchase], I could afford the house by myself and I had, you know, 30 days to figure out what was happening with him and if he didn't have the money, then it would be my house. If he did come through, then you know, we would work that out.
(Tr. 17-18.) Appellant's understanding was that he and Daniels would be co-owners if they each paid for half of the house, and if Daniels did not pay his half, then appellant would be the owner of the house.
{¶28} Appellant testified that everything was a "bit chaotic" at the sheriff's sale after his bid of $ 11,000 was accepted and that he did not understand what was going on with all of the signing and paperwork. Both appellant and Daniels signed the bidder's form/deed at the sheriff's sale. However, appellant explained that he did not realize that anything was being finalized at that time when the signing took place. Appellant was under the impression that the purchase would be finalized if and when the purchase price was paid off within 30 days. (Tr. 33.)
{¶29} Although Daniels told appellant he would have his half of the down payment on August 5, Daniels said there was a delay and that he would not have the *853 money until August 7 or 9. Daniels then claimed the money had been deposited into his account, but it would take another week or so to "clear." Daniels purportedly had "three things he was working with" to come up with his half of the purchase price: (1) $ 8,100 from his mother's retirement, (2) a $ 17,000 settlement from an auto deal or automobile accident, and (3) $ 87,000 from a transaction involving an unrelated property. Appellant testified that Daniels never came through with his half of the money.
{¶30} When appellant tendered the second payment towards the purchase price on August 12, 2016, he informed the processor that it did not seem like Daniels would come through with his half. Appellant opined that the bidder's form needed to be amended before the purchase was completed. The processor informed him, however, that the bidder's form could not be amended and that he would have to have the final deed altered.
{¶31} Appellant attempted to resolve the issue by having Daniels sign a quitclaim deed. Appellant testified that Daniels did not put any money into the property and, thus, he had no right to it. Daniels refused to sign a quitclaim deed, and insisted that he owns half of the property.
{¶32} Appellant sent the following text message to Daniels on September 10, 2016:
We had an oral agreement to go in on this 50/50. Your circumstances did not allow you to do this. You promised to pay 50 percent of the cost on this and you contributed nothing. I understand that things didn't go as you had planned. I'm sorry it didn't work out that way, the way we had discussed, but we're now at a point where we have to move forward.
No one is taking anything from you. You have invested absolutely no money into 3604 Archwood Avenue, so you are losing nothing. I have agreed to compensate you for the time and effort you spent doing the computer search which located the property, I'm being very generous.
(Tr. 29.)
{¶33} Appellant contacted a real estate attorney and learned that Daniels was "a career criminal in deception and fraud[.]" (Tr. 31.) He also followed up with a detective in the Cleveland Police Department's fraud unit. Appellant testified that he did not have any contact with Daniels after the second week of September 2016. Appellant explained that his only contact with Daniels after this point was in December 2016 and January 2017 when Daniels purportedly agreed to sign a quitclaim deed. Daniels did not, however, follow through with the agreements.
{¶34} Appellant emphasized the following two points during his testimony: (1) had he known that Daniels would not have paid anything towards the house, he would not have gone in on the purchase; and (2) had he known that Daniels would not have contributed any money towards the property, he would not have agreed to Daniels's name being on the deed or bidder's form, and he would not have moved forward with the purchase with Daniels's name on the deed. (Tr. 37-38.)
{¶35} In addition to paying the entire $ 11,000 purchase price, appellant testified that he was working on renovating the house because the house was "inhabitable." (Tr. 38-39.) The renovations included plumbing and electrical work. Appellant opined that he spent approximately $ 50,000 on the renovations.
{¶36} As noted above, aside from appellant's testimony at the summary judgment hearing, the following admissions were deemed admitted and conclusively resolved in appellant's favor: (1)
*854 Daniels fraudulently caused his name to be recorded onto the deed for the property at the sheriff's sale, without [appellant's] permission or knowledge (Request for Admission 8); (2) Daniels never intended to contribute any money towards the purchase of the property with [appellant] (Request for Admission 3); and (3) Daniels coerced [appellant] into buying the property with his own money with the intent of defrauding him (Request for Admission 11).
It is well settled in Ohio that in accordance with Civ.R. 36(A), " 'the matter set forth in the requests for admissions is deemed admitted if they are not answered within rule.' " Bank of New York v. Jordan , 8th Dist. Cuyahoga No. 88619, 2007-Ohio-4293 [2007 WL 2391082], ¶ 34, quoting Beechwoods, Inc. v. Hosfelt , 10th Dist. Franklin No. 79AP-117 [1979 WL 209370], 1979 Ohio App. LEXIS 12493 (Oct. 9, 1979). Thus, where a party fails to timely respond to the request for admissions, those admissions become fact. Smallwood v. Shiflet , 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887 [2016 WL 6906241], ¶ 18. It is equally settled law that a motion for summary judgment may be based upon the admitted matter. Jordan . "[W]here a party files a written request for admission, a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 56(C) in case of a summary judgment." Klesch v. Reid , 95 Ohio App.3d 664, 674, 643 N.E.2d 571 (8th Dist. 1994).
N. Coast Commercial Roofing Sys. v. MGM, Inc. , 8th Dist. Cuyahoga No. 106800, 2018-Ohio-4705, 124 N.E.3d 375, ¶ 12.
{¶37} Because Daniels failed to timely respond to appellant's requests for admissions, the admissions were deemed admitted and were conclusively resolved in favor of appellant. Furthermore, Daniels failed to respond to appellant's motion for summary judgment. Although Daniels filed a motion "for answer summary judgment" on January 23, 2018, the trial court granted appellant's motion to strike Daniels's motion opposing summary judgment, concluding that it was not filed within the 30-day time limit set forth in Loc.R. 11 of the Court of Common Pleas of Cuyahoga County, General Division. Accordingly, Daniels failed to present any evidence demonstrating the existence of genuine issues of material fact.
{¶38} In this case, Daniels misrepresented to appellant, both before and after the sheriff's sale, that he would pay for half of the property's purchase price. As noted above, the following admissions were deemed admitted and conclusively resolved in appellant's favor: (1) Daniels had an initial agreement with [appellant] to purchase the property together, each contributing equal monetary shares (Request for Admission 1); (2) Daniels has not contributed any money towards the purchase of the property (Request for Admission 2); (3) Daniels never intended to contribute any money towards the purchase of the property (Request for Admission 3); and (4) all payments towards the purchase of the property have been made by appellant (Request for Admission 7). Accordingly, the record reflects that (1) Daniels misrepresented to appellant that he would pay for half of the property's purchase price, (2) Daniels's representation was false because he never intended to make any payments towards the purchase price, (3) appellant relied on Daniels's representations, and (4) appellant has been injured by his reliance on Daniels's representations - although appellant paid the entire purchase price, both appellant and Daniels are listed as owners on the property's deed, and thus it is presumed that they have equal ownership of the property. See *855 Rardin v. Estate of Bain , 7th Dist. Carroll No. 08 CA 853, 2009-Ohio-3332, 2009 WL 1915158, ¶ 23.
{¶39} The trial court did not reference Daniels's conclusive admissions pursuant to Civ.R. 36 in its judgment entry or opinion ruling on appellant's summary judgment motion, or indicate that it considered the admissions. See Smallwood , 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, 2016 WL 6906241, at ¶ 16. Because appellant's request for admissions were conclusively established, the trial court abused its discretion when it failed to consider Daniels's admissions when ruling on appellant's motion for summary judgment. See id. at ¶ 20.
{¶40} After reviewing Daniels's admissions as they relate to appellant's claims for deed reformation and fraud, we find that the admissions are dispositive of appellant's claims. Through the admissions, Daniels admitted that (1) he misrepresented to appellant that he would pay for half of the property's purchase price, (2) his representation was false because he never intended to make any payments towards the purchase price, (3) he fraudulently caused his name to be recorded onto the deed for the property at the sheriff's sale, without appellant's permission or knowledge, (4) his name is wrongfully on the deed to the property, and (5) he coerced appellant into buying the property with his own money with the intent of defrauding him. The evidence further indicates that appellant relied on Daniels's representations that he would pay for half of the purchase price, and that appellant has been injured by his reliance on Daniels's representations - although appellant paid the entire purchase price, both appellant and Daniels are listed as owners on the property's deed, and thus it is presumed that they have equal ownership of the property. See Rardin at ¶ 23.
{¶41} Daniels did not contribute any money towards the purchase price, fraudulently caused his name to be recorded on the property's deed, and/or coerced appellant into buying the property with the intent of defrauding him. Nevertheless, as a co-owner of the property, Daniels could, in theory, initiate an action in partition against appellant unless and until his name is removed from the deed. Furthermore, appellant alleges that Daniels has several outstanding and unsatisfied civil judgments pending against him. As long as Daniels's name remains on the deed, any of the creditors that obtained civil judgments against Daniels could, in theory, file a lien on the property. Under these circumstances, principles of equity warrant reformation of the property's deed.
{¶42} Based on the foregoing analysis, and in light of the evidence appellant submitted in support of his summary judgment motion and Daniels's Civ.R. 36 admissions, judgment should have been entered in appellant's favor on his deed reformation and fraud claims. Accordingly, we find the trial court erred by dismissing appellant's claims for reformation of deed and fraud. Appellant's first assignment of error is sustained.
B. Unjust Enrichment Damages
{¶43} In his second assignment of error, appellant argues that the trial court erred in awarding him $ 5,500 on his unjust enrichment claim. Specifically, appellant contends that the trial court's damages award is "far too low, and needs to be increased by this Court, or remanded for further proceedings." Appellant's brief at 25. Finally, appellant argues that the damages award was arbitrary, "unreasonably and unconscionably low," and "needs to be substantially increased." Appellant's brief at 26.
{¶44} Appellant's amended complaint indicates that appellant only asserted his *856 unjust enrichment claim as an alternative to his claims for deed reformation and fraud. Furthermore, during the trial court's summary judgment hearing, appellant's counsel emphasized that appellant's "primary objective" in the lawsuit was to have Daniels's name removed from the deed. Accordingly, in light of our resolution of appellant's first assignment of error, appellant's second assignment of error challenging the trial court's award of damages on his unjust enrichment claim is moot.
C. Motion for Sanctions and Default Judgment
{¶45} In his third assignment of error, appellant argues that the trial court erred by finding his motion for sanctions, including default judgment, moot. He contends that the trial court should have granted default judgment in his favor.
{¶46} We review a trial court's decision to grant or deny a motion for default judgment under an abuse of discretion standard. Davie v. Nationwide Mut. Ins. Co. , 8th Dist. Cuyahoga No. 101453, 2015-Ohio-422, 2015 WL 479668, ¶ 9, citing Chase Bank USA, N.A. v. Courey , 8th Dist. Cuyahoga No. 92798, 2010-Ohio-246, 2010 WL 320369, ¶ 22.
{¶47} A default judgment may be entered against a defendant who has failed to answer or otherwise defend against allegations raised in a plaintiff's complaint. Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn. , 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986) ; Civ.R. 55(A). When a defendant fails to answer or otherwise defend against a plaintiff's allegations, default judgment is warranted because liability has been admitted "by the omission of statements in a pleading refuting the plaintiff's claims." Girard v. Leatherworks Partnership , 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, 2005 WL 2211079, ¶ 38.
[A]s this court has made clear, it is reversible error to enter a default judgment against a defendant once an answer has been filed and the case has been placed at issue. [ Grimm v. Gumto , 8th Dist. Cuyahoga No. 95706, 2011-Ohio-2664, 2011 WL 2176169, ¶ 16 ] (" Civ.R. 55(A) permits entry of a default judgment only upon parties who have failed to plead or otherwise defend an action."); 1373 E. Blvd. Condo [Assn.] v. Turner[-Thompson] , 8th Dist. Cuyahoga No. 90339, 2008-Ohio-3973 ; Reese v. Proppe , 3 Ohio App.3d 103, 443 N.E.2d 992 (8th Dist. 1981). See also Disciplinary Counsel v. Jackson , 81 Ohio St.3d 308, 691 N.E.2d 262 [ (1998) ] ("[W]hen a case is at issue because a defendant has filed an answer, there can be no default judgment.")
Sunshine Ltd. Partnership v. C.A.S.T.L.E. High School, Inc. , 8th Dist. Cuyahoga No. 106245, 2018-Ohio-2298, 2018 WL 3005902, ¶ 15.
{¶48} In the instant matter, the record reflects that Daniels did not fail to file an answer, plead, or otherwise respond to appellant's complaints. As noted above, Daniels filed an answer to appellant's original complaint. In its May 26, 2017 journal entry, the trial court ordered Daniels to file an answer or otherwise respond to appellant's amended complaint on or before May 31, 2017.
{¶49} Daniels filed a "motion to file answer to amended complaint" on June 2, 2017 - after the May 31 deadline. Therein, Daniels asserted that he "is without knowledge or information sufficient to form a belief as to the truth or falsity contained in [the amended complaint]." Although Daniels's "answer" was filed after the May 31 deadline, the trial court granted Daniels's motion on June 9, 2017.
*857 {¶50} Because Daniels filed answers to appellant's complaints and otherwise defended against appellant's allegations, default judgment was not warranted. Accordingly, appellant's third assignment of error is overruled.
III. Conclusion
{¶51} After thoroughly reviewing the record, we reverse the trial court's judgment dismissing appellant's claims for deed reformation and fraud. The evidence appellant submitted in support of his motion for summary judgment on his deed reformation and fraud claims - particularly Daniels's Civ.R. 36 admissions - is dispositive of these claims and, therefore, judgment should have been entered in appellant's favor.
{¶52} Because appellant only asserted his unjust enrichment claim as an alternative basis for relief to his claims for deed reformation and fraud, we vacate the trial court's judgment awarding appellant $ 5,500 on his unjust enrichment claim.
{¶53} Daniels responded to appellant's amended complaint and otherwise defended against appellant's allegations. Accordingly, appellant was not entitled to default judgment.
{¶54} Judgment affirmed in part, reversed in part, vacated in part, and remanded for further proceedings consistent with this opinion.
EILEEN A. GALLAGHER, P.J., and MARY EILEEN KILBANE, A.J., CONCUR

A quitclaim deed may be used to convey or transfer title to real property. See Dueck v. Clifton Club Co. , 2017-Ohio-7161, 95 N.E.3d 1032, ¶ 55 (8th Dist.).